STATE v. MERCANTILE BANK.

(*Jackson.* June 21, 1895.)

1. ESTOPPEL. *Of State to dispute rights and immunities of corporation.*

The State, by suing a defendant as a corporation, is not precluded from disputing the rights and immunities claimed and set up by the defendant as such corporation. (*Post, pp. 215, 216.*)

Cases cited and approved: State v. Butler, 15 Lea, 104; Memphis v. Bank, 91 Tenn., 574; State v. Butler, 86 Tenn., 614.

2. CORPORATIONS. *Exemption from taxation not transferable.*

The sale by the Court of the charter rights and privileges of an insolvent banking institution, will not include an immunity from taxation, since such immunity cannot pass without the consent of the State, and is not, in any event, embraced under such decree of sale. (*Post, pp. 216, 217.*)

Cases cited and approved: State v. Butler, 15 Lea, 104; Memphis v. Bank, 91 Tenn., 574; State v. Butler, 86 Tenn., 614; Memphis v. Phœnix Insurance Company, 91 Tenn., 566.

3. SAME. *Same. Pleadings.*

A decree confirming the sale of the charter rights of an insolvent corporation, although purporting in its terms to be more comprehensive, will be restricted in its effect and operation to the scope of the decree of sale. (*Post, p. 216.*)

4. SAME. *Exemption from taxation does not exist, when.*

A grant by the State to one corporation of the rights and privileges of another will not carry an exemption from taxation enjoyed by the latter. (*Post, p. 218.*)

Case cited and approved: Memphis v. Phœnix Insurance Company, 91 Tenn., 566; State v. Planters, etc., Insurance Company, *ante,* p. 203.

5. SAME. *Same.*

A grant to a corporation of the powers, rights, reservations, restrictions, and liabilities given to and imposed upon another

corporation, will not include an immunity of the latter corporation from taxation. (*Post, pp. 219, 220.*)

FROM SHELBY.

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

METCALF & WALKER, C. WEATHERFORD, and F. T. EDMONDSON for Complainants.

TURLEY & WRIGHT for Mercantile Bank.

L. and E. LEHMAN for German Bank.

F. P. POSTON for Home Insurance Company.

GEO. GILLHAM, Sp. J: These bills are to recover taxes claimed to be due the State, county, and city of Memphis from the defendants respectively, for the years 1887 to 1894 inclusive, and involve large amounts.

Some of the questions raised upon these records are, in substance, the same as in the case of the *State v. Bank of Commerce*, decided at this term, and are controlled by the opinion delivered in that case. ·

These six cases may be disposed of by one opinion.

In the cases against the Mercantile Bank, the Chancellor refused all relief and dismissed the bills. Complainants appealed and assign errors. The taxes

here sued for against this bank aggregate about $36,-000.

The Mercantile Bank claims to have and enjoy all the rights, powers, privileges, and immunities granted to the Gayoso Savings Institution, it being the same form of charter under which the Bank of Commerce operates.

The Gayoso Savings Institution did a banking business at Memphis for many years, but in the year 1869, failed. Thereupon, a bill was filed by the president of the bank, in the Chancery Court at Memphis, to administer its assets and wind up its affairs as an insolvent corporation. In this bill, such proceedings were had that, on the eleventh day of June, 1880, the Court, by decree, directed the receiver of the corporation to sell the charter of said company, in obedience to which direction, he, on June 28, 1880, sold the same at public auction, at which sale it was purchased by Julius A. Taylor, for the sum of $201. The sale was duly reported, and by the Court confirmed. The decree of sale was as follows: "In this cause, on petition and motion of the receiver, it is ordered that, after advertising same for ten days, he proceed to sell at public auction, to the highest bidder, for cash, the charter of the Gayoso Savings Institution, together with all the rights and privileges thereunder."

The material part of the report of sale is in these words: "That under the order in this cause of June 11, 1880, and pursuant to the following advertise-

ment, . . he, on Monday, June 28, 1880, offered for sale, in front of the courthouse door, the charter of the Gayoso Savings Institution, when and where the same was struck off and sold to Julius A. Taylor, at and for the sum of $201, his being the highest, last, and best bid, with which he has complied. . . This June 28, 1880."

The decree confirming the sale, entered July 21, 1880, is as follows: "This cause came on to be further heard upon the report of sale by the receiver, filed herein the twenty-eighth day of June, 1880, which is in words and figures following (here insert report), and there being no exceptions to said report, the ·same is in all things confirmed, and the title to the charter of the Gayoso Savings Institution, with all the powers, privileges, and franchises thereunto belonging, is hereby vested in J. A. Taylor, his heirs and assigns."

Afterwards, by an act of the Legislature, the name was changed to Mercantile Bank, and Taylor and his associates or assigns organized the present corporation and claim immunity from all taxation except the annual commuted tax of one-half of one per cent. to the State. It is contended, first, that the State, having sued the defendant as a corporation, cannot be heard to say that it is not such, or that it has not all the rights, privileges, and immunities claimed by it, under the charter; second, that by the purchase of the charter of the Gayoso Savings Institu-

tion, it became entitled to all the immunities enjoyed by that institution.

We think that both of these questions have been answered in favor of the State by two late decisions of this Court. *State* v. *Butler*, 15 Lea, 104; *State* v. *Butler*, 2 Pickle, 614 (S. C.); *Memphis* v. *Memphis City Bank*, 7 Pickle, 574.

We hold that the defendant, by the purchase of the charter, got no immunity from taxation, whatever else may have been the effect of the attempt to sell the charter; that the grant of such immunity was personal, and cannot be transferred without the consent of the State. It does not matter that the stockholders of the company, or nearly all of them, were parties to the case in which the sale was made. Conceding, for argument's sake, that they would be estopped to claim from the purchaser that which was sold and that which he bought at the sale, they would remain just as much the owners of their stock after as before the sale. Had the assets been more than enough to pay the bank's liabilities, they would have been entitled to such surplus. Again, the decree of sale did not direct a sale of the immunities, and without this the purchaser cannot enjoy the exemption from taxation. *Memphis* v. *Phœnix Insurance Company*, 7 Pickle, 566.

The order confirming the sale went beyond the decree directing the sale, by including the corporate franchises. The decree of confirmation must be restricted to the scope of the decree of sale. For

State *v.* Mercantile Bank.

argument's sake, it may again be conceded that the purchaser got the rights, privileges, etc., contained in the charter, except the immunities. It is not necessary here to decide whether he did or not. Certainly, he did not get the immunities.

Corporate organization and life may be conceded to the bank. That is claimed by the defendant, and, for the purposes of the tax laws, is conceded by the State; but that concession does not involve and necessitate the further concession of charter immunity from taxation. Such immunity is claimed by defendant, but denied by the State, and defendant has failed to establish it.

The authorities cited establish the well-known principle that no one but the State can ordinarily call in question corporate existence. It may not sue the corporation as such, and, at the same time, deny its existence as a corporation, but it may be heard as to the rights and immunities claimed and set up by the corporation. Certainly that is so in the present case, where the defendant is claiming to be a corporation, and the State is proceeding against it to collect taxes due from it as a corporation.

As the corporation is entitled to no immunity from taxation, it is subject to general taxation (inclusive of a privilege tax), as are similar institutions under our revenue laws, but from the taxes due the State, all sums paid as commuted taxes will be subtracted. Both cases are reversed, and a decree for complainants will be entered here in pur-

suance of the stipulation of parties and of this opinion. The defendant, Mercantile Bank, will pay all costs of this Court and of the Court below.

In the cases against the German Bank, there was a recovery for · the taxes of some of the years sued for, but as to other years all relief was denied. All parties appealed and assign errors. The taxes sued for against the bank aggregate about $97,000. This bank also claims to have all the rights, powers, privileges, and immunities of the Gayoso Savings Institution. By an act of the Legislature, passed February 4, 1867, the Germania Banking Company was chartered, with all the "rights and privileges" of the Gayoso Savings Institution. By an act passed April 6, 1885, the name was changed to the German Bank. It is agreed by stipulation that there was no organization of the corporation until the year 1885, and that, in the meantime, nothing was done by the incorporators, or any of them; that it remained unacted upon during that period. It is settled that a grant of rights and privileges does not carry immunity from taxation. *Memphis* v. *Phœnix Insurance Company*, 7 Pickle, 566. This is conclusive of the case, and we need not here discuss the effect of the attempt to accept the charter and organize the corporation after the present Constitution went into effect in 1870, which question is decided in the case of *State* v. *The Planters' Fire & Marine Insurance Company*, handed down herewith.

This bank is subject to general taxation in the

same manner as is the Mercantile Bank. The decrees in both cases are modified, and a decree will here be entered as in that case directed. The defendant, German Bank, will pay the costs of this Court and of the Court below.

In the cases against the Home Insurance & Trust Company, there was a recovery for the taxes of some of the years sued for, but as to the other years all relief was denied, and all parties appealed and assign errors. The taxes involved amount to about $10,000. This case (under style of *Memphis* v. *Home Insurance Company*) was in this Court in 1892, and is reported in 7 Pickle, 558. It was then on demurrer, and the charter was quoted as reading: "There shall be a State tax of one-half of one per cent. upon the amount of the capital actually paid in," upon which the Court held that the shares of stock were taxable. After the case went back to the lower Court, an amended bill was filed, by which it appears that the Home Insurance Company was originally incorporated by §§ 3 and 4, Chapter 263, of the Acts of 1855-6. By § 4, it was provided: "Said company shall have all the corporate powers, and be subject to all the restrictions, contained granted, and prescribed by the charter of the Mutual Protection Insurance Company of Nashville, passed on the twenty-ninth day of December, 1847, with the exception that it may organize at any time within three years after the passage of this act."

No organization appears to have ever been effected under this act.

By an act passed March 20, 1858, Chapter 155, § 14, it was provided: "That the name of the Home Insurance Company of Memphis, be changed to that of the Home Insurance & Trust Company, and said company may organize with all the forms, officers, powers, rights, reservations, restrictions, and liabilities given to and imposed upon the Memphis Life & General Insurance Company; *Provided*, Nothing herein contained shall in anywise be construed as to release the said company from any existing liability." By the thirtieth clause of that charter, it is provided: "There shall be a State tax of one-half of one per cent. upon the amount of capital stock actually paid in." Acts 1854-5, Chapter 273, § 30. The organization of the company was under this act of March 20, 1858.

These words do not give the defendant company the immunities enjoyed by the older company. Where, in the older charter the word "immunities" is used, we find in this charter the word "liabilities." Consequently, it has no exemption from taxation. It follows that complainants are entitled to a decree for the taxes claimed. The decrees in both cases are modified. The defendant, Home Insurance & Trust Company, will pay the costs of this Court and of the Court below.