EDITH KING, *et al. v.* VESTAL LUMBER & MFG. CO., *et al.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

14

LAWRENCE & LAWRENCE, for complainant, appellants.

FRANTZ, McCONNELL & SEYMOUR, for defendant, appellees.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

(1) Upon the death by accident of C. C. King, in 1923, his widow was awarded compensation for herself and dependent children over a period of four hundred weeks. Payment of the weekly award was suspended upon her remarriage in August, 1927, this Court, in *Aluminum Company of America* v. *Fendall, et al.,* 150 Tenn., 446, having construed subsection (9) of Section 30, Chapter 123 of the Compensation Act of 1919, to mean that the compensation provided for therein terminates with the remarriage of the widow, except as to a child physically or mentally incapacitated for causes other than age.

This petition was brought to collect for the minor children of King compensation after the remarriage of the widow, upon the theory, first, that this Court erred in its former construction of the said Section of the Act of 1919, and, second, that the amendment found in Chapter 40, Section 3 of the Acts of 1927 extended the allowance to such children upon the remarriage. The Chancellor sustained a demurrer to the effect (1) that the holding in the Aluminum case was controlling, (2) that the amendment relied on was unconstitutional for defect in the caption of the Act of 1927, and, (3) that, if validly passed, it could have no retroactive effect for the benefit of these children whose rights had theretofore

been fixed and became vested under the Act of 1919. Petitioners have appealed.

*(2)* The amendment of 1927 provides (Chap. 40, Sec. 3), "That Section 30 of the Acts of 1919 be, and the same is, hereby amended by striking out subsection 9 of said section, and inserting in lieu thereof the following words, upon the remarriage of the widow, if there are no children of the deceased employee, the compensation shall terminate, but if there are children under eighteen years the said compensation at the time of the remarriage, payable to the widow, shall pass to and be vested in such children."

*(3)* This Court adheres to the construction given the section under consideration in the Aluminum Company case. While the amendment of 1927 was probably passed to meet this holding of the Court, it in no sense constitutes a legislative construction of the Act of 1919, as suggested by counsel.

*(4)* Is the amendatory Act of 1927 subject to the constitutional infirmity relied on by the defendant Company? We think not. The requirement that the amendatory act shall recite in its caption, or otherwise, the title or substance of the law amended appears to be met. The caption of the Act of 1927 begins, "An Act to amend the Workmen's Compensation Law, being Chapter 123 of the Acts of 1919," etc. It proceeds to incorporate bodily the entire title of the Act of 1923, which amended the original Act of 1919, and the title to which Act of 1923 recites in full the caption of the original act. Also, as above set forth, reference is made in the body of the Act of 1927 to the particular section of the original act amended. This would certainly be sufficient. However, in addition to all of this, in the caption of the Act of 1927

there is attempted to be recited the substance of the specific matters of proposed amendment and, as we understand the position of counsel for defendant, it is insisted that the reference to the subsection now before us is inaccurate and misleading. This reference reads, "So as to provide compensation for widows who marry." Looking to the amendment incorporated in the body of the Act it is seen that it provides compensation for "the children of" widows who marry. Or "compensation" in the case of "widows who marry"—for such a situation.

In view of the unusual fullness of the caption in its references to the former acts proposed to be dealt with, and the setting forth fully in the body of the act with definiteness of the matter amended thereby, we are satisfied that the verbal inaccuracy complained of was not calculated to mislead the lawmakers. Taken as a whole, the object of the constitutional provision invoked, which is "to direct the attention of the legislature to the existing law and the proposed change and thereby prevent improvident legislation" (*Memphis Street Ry.* v. *Byrne,* 119 Tenn., 278), is met.

*(5)* But it is urged that, if this amendatory act be held constitutional, it should not be held to operate retroactively, as it is said it must act if applied to the claim presented for these children. Counsel quote from approved authorities to the effect that the courts will construe legislation to have "prospective and not retroactive force, unless the latter purpose is plainly expressed or necessarily implied." *Heiskell* v. *Lowe,* 126 Tenn., 475; *Dugger* v. *Ins. Co.,* 95 Tenn., 245, and other cases are cited on the brief.

*(6)* Conceding this rule, we are not of opinion that a case of proposed retroactive effect is presented. The contingency dealt with by the Act of 1927, to-wit, the remarriage of the widowed mother of dependent children, is one that had not arisen in this case when the act became a law. It is the happening of this contingency only, upon which their rights rest, that is dealt with. They had at the time of its passage no vested rights, and would never have had, if the mother had not remarried. In a condition in which no provision was made under the act for such a situation, which in any given case might arise, the legislature undertook to make such provision. Thereafter this widow remarried and by virtue of this provision the right to the compensation she had received passed to and vested in her children. This is the clear purpose of the legislature, and no principle governing retroactive legislation is contravened. "Contingent rights arising prior to the enactment of a statute . . . are subject to legislative control." C. J., Vol. 12, pp. 955 and 956. This is the general rule.

It results that the learned Chancellor was in error, and his decree must be reversed and the case remanded.