ALUMINUM CO. OF AMERICA *v.* WILLIE FENDNALL *et al.**

(*Knoxville.* September Term, 1924.)

MASTER AND SERVANT. Exception of children "incapacitated" from provision in Compensation Act terminating dependence on widow's remarriage means incapacity other than immature age.

Workmen's Compensation Act, section 30, subsec. 9, providing for termination of dependence of widow and dependent children on remarriage of widow, excepting children physically or mentally incapacitated from earning, means incapacity other than immature age, in view of general classifications of children by subsections 1-3.

Acts cited and construed: Acts 1919, ch. 123.

Case cited and approved: Klotz v. Newark Paving Co., 86 N. J. Law, 690.

*Headnote 1. Workmen's Compensation Acts, section 95 (1926 Anno).

---

FROM BLOUNT.

---

Appeal from the Circuit Court of Blount County.— HON. SAM C. BROWN, Judge.

LINDSAY, YOUNG & YOUNG, and CRAWFORD & GODDARD, for appellant.

McTEER, KRAMER & QUINN, for appellee.

---

*For authorities discussing the question of "dependency" within Workmen's Compensation Acts, see notes in 13 A. L. R., 686, 30 A. L. R., 1253.

Aluminum Co. of America v. Fendnall.

Mr. Justice Chambliss delivered the opinion of the Court.

Upon the remarriage of a widow, to whom, together with a dependent child, compensation had been awarded upon the accidental death of the husband and father, payment of all compensation was terminated by the employer company. A petition was thereupon presented on behalf of the minor child. Upon consideration of this petition the trial court entered an order awarding to the minor child compensation upon the basis of fifty per cent. of the allowance originally made jointly to the mother and child. From this judgment this appeal has been taken, it being insisted that by the express terms of subsection 9 of section 30 of the Workmen's Compensation Act of 1919 (Acts 1919, chapter 123), the compensation of both the widow and the child was terminated by remarriage of the widow. This is the sole question presented, and is one that appears not to have been directly passed upon in either this or other jurisdictions.

While fully recognizing and reaffirming the rule of liberal construction of this act in favor of claimants, it is the duty of the court to give effect to limitations therein expressly and clearly set forth.

By subsection 6 of section 30, it is provided as follows:

"If the deceased employee leave a widow and one dependent child, there shall be paid to the widow for the benefit of herself and such child, forty per centum of the average weekly wages of deceased."

This was the award originally made.

By subsection 9 of section 30 it is provided as follows:

"For the purpose of this act, the dependents of a widow or widower or a deceased employee and dependent children shall terminate with remarriage of the widow, excepting a child physically or mentally incapacitated from earning, and the dependence of such a child shall terminate with the age of eighteen." (It is apparent that "dependents," in line 1, should be spelled *dependence*.)

It will be observed that this subsection first expressly provides that the dependence of a widow *and dependent children* shall terminate with remarriage of the widow. The subsection then goes on to provide that this termination shall not apply to a child "physically or mentally incapacitated from earning," but that "the dependence of such a child shall terminate with the age of eighteen."

It is insisted, for the minor child petitioner, that this exception includes all minor children, who, by reason of their immature age, are incapacitated from earning a living. On the other hand, it is contended that children "physically or mentally incapacitated from earning" are in a distinct classification of dependent children, not rested upon minority or immaturity, but upon some added and independent physical or mental incapacity, and that this exception has application to such children only.

Turning to subsections 1 and 2 of section 30, it will be observed that three general classifications of dependent children are recognized. It is provided that (1) children under sixteen are conclusively dependent; (2) children between sixteen and eighteen are *prima-facie* dependent; and (3) those over eighteen are *prima-facie* dependent, if physically or mentally incapacitated.

Aluminum Co. of America v. Fendnall.

Now, having in mind these three distinct classifications, which are clearly recognized by the act, it results that, by subsection 9, upon remarriage of the widow the dependency of all children in classes (1) and (2), that is, those under sixteen, conclusively presumed to be dependents, and those between sixteen and eighteen, *prima-facie* dependent, is terminated, and the dependency of those in class (3), that is, those physically or mentally incapacitated is terminated at the age of eighteen.

It would therefore seem to be clear that the obligation to make payment of compensation to the child of a widow is terminated by the remarriage of the widow, unless the child falls within the special classification of the mentally or physically incapacitated recognized by the act.

It is suggested with pausibility that this conclusion is fortified by the holdings of some of the courts, construing similar, but not identical, acts, that a stepchild is a dependent of a deceased stepfather, by whom he has been supported, so that, upon the accidental death of the husband of a mother who has remarried, compensation would be claimable for her child by a former marriage as a dependent of the deceased employee. Schneider's Workmen's Comp. Law, p. 692; Bradbury's Workmen's Comp. Law, p. 784; 13 A. L. R. 708, citing *Klotz* v. *Newark Paving Co.,* 86 N. J. Law, 690, 92 A., 1086.

It would seem, also, that the construction contended for by petitioner would render wholly inoperative the provision in subsection 9 terminating the compensation of dependent children upon remarriage of the widow. Since all children under sixteen are, by subsection 1 of section 30, conclusively dependent, then, unless the terms

150 Tenn.—29.

"physically or mentally incapacitated" have a distinctive meaning and application, implying a classification other than mere lack of the age of sixteen, then all children under sixteen would be excepted.

Our construction of the pertinent provisions of the act, which appears to us to be unescapable, makes it necessary to reverse the judgment below in this case and dismiss the petition.