MARTIN HUDSON, BY NEXT FRIEND, ETC., *v.* F. A. MAXWELL, *et al.*

(*Nashville.* December Term, 1928.)

Opinion filed February 9, 1929.

BELL & HIBBETTS, for plaintiff in error.

C. WADE WILKES, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On January 17, 1926, Henry L. Hudson, while in the employ of F. A. Maxwell, was killed in an accident arising out of and in the course of his employment. He was survived by his wife and two minor sons, Clarence Hudson and Martin Hudson.

On March 24, 1926, Mrs. Hudson entered into an agreement, in writing, with the Ocean Accident & Guarantee Corporation, insurer for Maxwell, by the terms of which the Guarantee Corporation was to pay Mrs. Hudson for her own use, and for the benefit of her two minor sons, the sum of $12 per week for four hundred weeks, beginning January 17, 1926. The Guarantee Corporation was to pay the additional sum of $1 per week, each, for Clarence and Martin Hudson until they reached the age of eighteen years, or until such time as all compensation should terminate in accordance with the provisions of the Workmen's Compensation Act.

Said agreement contains this provision:

"It is herewith stated as an essential part of this Memorandum of Agreement, That its terms and provisions are in full accord with Section 7-27 and 35 of the Workmen's Compensation Act of Tennessee."

This agreement was approved and made the judgment of the Circuit Court of Davidson County on March 30, 1926.

Mrs. Hudson duly qualified as guardian of her said two minor sons.

In compliance with said judgment, the Guarantee Corporation made eighty payments, the last one having been made on July 31, 1927.

*(1)* On August 1, 1927, Mrs. Hudson married John H. Gragg. The Guarantee Corporation thereupon declined to make further payments, taking the petition that the marriage of Mrs. Hudson operated to release it from further liability by the express provisions of subsection (9) of section 30 of the Acts of 1919, which is in this language:

"For the purpose of this Act, the dependents of a widow or widower of a deceased employee and dependent children shall terminate with remarriage of the widow, excepting a child physically or mentally incapacitated from earning, and the dependence of such a child shall terminate with the age of eighteen."

The construction contended for is supported by the decision of this court in *Aluminum Co. of America* v. *Fendnall,* 150 Tenn., 446.

Upon the refusal of the Guarantee Corporation to make further payments, the petition herein was filed by Mrs. Gragg, as guardian and next friend of her fifteen year old son, Martin, asking that the judgment be reinstated as to said infant son, and that the Guarantee Corporation be required to make the remaining 320 payments of $12 per week for his benefit, as provided by section 3, chapter 40, Acts of 1927, which is as follows:

"That Section 30 of the Acts of 1919 be, and the same is, hereby amended by striking out Subsection 9 of said Section, and inserting in lieu thereof the following words, 'upon the remarriage of the widow, if there are no children of the deceased employee, the compensation shall terminate, but if there are children under eighteen years, the said compensation, at the time of the remarriage, payable to the widow, shall pass to and be vested in such children.'"

*(2)* Counsel for the Guarantee Corporation take the position that this act is retroactive, so far as these parties are concerned.

It is sufficient to say that, pending the appeal, this court held, in an opinion filed at Knoxville on December 8, 1928, in the cause of *Edith King, by next friend, et al.* v. *Vestal Lumber & Manufacturing Company et al.,* from Knox Equity, that this act was not retroactive, and gave effect to its provisions under facts similar to those appearing in the case under consideration.

While the petition asks for a judgment for $12 per week for three hundred and twenty weeks, it is manifest that such a judgment would require the Guarantee Corporation to pay many months after the petitioner arrives at the age of eighteen years.

Since counsel for petitioner have not briefed this question, which was raised by the demurrer, we assume that they are not insisting that the Guarantee Corporation would have to make payments after petitioner arrives at the age of eighteen years, and such is the express provision of subsection 17 of section 30 of the Acts of 1919, which provides:

"In computing and paying compensation to orphans or other children, in all cases, only those under eighteen

years of age, or those over eighteen years of age who are physically or mentally incapacitated from earning, shall be included, the former to receive compensation only during the time they are under eighteen, the latter only for the time they are so incapacitated, within the period of four hundred (400) weeks.''

In making the settlement and having the court ratify same, it is apparent that the parties were doing so under the terms of and subject to the provisions of the Workmen's Compensation Act, which act contemplates payment to normal infants only so long as they are under eighteen years of age.

This construction seems to have been entertained by counsel for petitioner since they did not make Clarence Hudson, who had arrived at the age of eighteen years when the petition was filed, a party.

The judgment of the trial court, sustaining the demurrer and dismissing the petition, will be reversed, except as to the allowance of compensation after petitioner arrives at the age of eighteen years, and the case remanded for further proceedings.

The cost of the appeal will be taxed against the defendants. Other costs will be adjudged by the trial court.