CARROLL DUFF *et al.*, BY NEXT FRIEND, *v.* BLACK DIAMOND COLLIERIES *et al.*

(*Knoxville*, September Term, 1930.)

Opinion filed November 28, 1930.

W. Y. Boswell, for complainants, appellants.

Frantz, McConnell & Seymour and Homer H. Wallace, for defendants, appellees.

Mr. Justice McKinney delivered the opinion of the Court.

The petition herein was filed for the purpose of recovering compensation under chapter 123, Acts of 1919, as amended by chapter 40, Acts of 1927.

Charles Duff, Jr., was accidentally killed on February 15, 1922, while in the employ of the Black Diamond Collieries. Duff was survived by his wife and two very young children.

On February 21, 1922, Mrs. Duff entered into a written agreement of settlement, under the terms of which the employer was to pay her $11 per week for four hundred weeks, funeral expenses, etc. This agreement was never

approved by the circuit judge. The payments were made regularly until Mrs. Duff's remarriage on March 1, 1923, after which time no further payments were made.

In January, 1930, the petition herein was filed by the two minor children of Charles Duff, Jr., to recover compensation under and by virtue of the Act of 1927. That act provides that "upon the remarriage of the widow, if there are no children of the deceased employe, the compensation shall terminate, but if there are children under eighteen years, the said compensation, at the time of the remarriage, payable to the widow, shall pass to and be vested in such children."

The original act provides that the dependence of the widow and minor children shall terminate with the remarriage of the widow; and in *Aluminum Co. of America* v. *Fendnall,* 150 Tenn., 446, it was held that upon the remarriage of the widow a suit could not be maintained by a minor child for compensation. In other words, that such an event terminated the right to compensation. The fact that the agreement referred to above was never approved by the court is of no consequence, since the right to compensation no longer existed.

To so construe the Act of 1927 as that it would relate back to 1923, and give these petitioners a cause of action that did not exist at that time would violate article 1, section 20, of the Constitution, which provides:

"That no retrospective law, or law impairing the obligations of contracts, shall be made."

In 12 Corpus Juris, 1084, it is said:

"A retrospective law is one that relates back to, and gives to, a previous transaction some different legal effect from that which it had under the law when it occurred."

The situation here presented falls strictly within the prohibition quoted above. Upon the remarriage of Mrs. Duff in 1923 these petitioners had no claim or cause of action against the Black Diamond Collieries, and the legislature, if such had been their purpose, could not change the legal status existing at that time.

In *King* v. *Vestal Lbr. & Mfg. Co.*, 158 Tenn., 17, it was stated that "the contingency dealt with by the Act of 1927, to-wit, the remarriage of the widowed mother of dependent children, is one that had not arisen in this case when the act became a law." This fact distinguishes that case from the one under consideration.

The chancellor dismissed the petition, and his decree will be affirmed.