TEOLA FINLEY, GUARDIAN, *et al. v.* KEISLING LUMBER CO.
*et al.*

(*Nashville,* December Term, 1930.)

Opinion filed February 21, 1931.

C. J. Cullom, for plaintiff in error.

Chas. L. Neely, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Following the death by accident of Robert B. Finley, an employee of Keisling Lumber Company, in February 1924, his widow and two minor children were awarded compensation in the minimum amount of $5 per week for 400 weeks, payable in installments of $20 per month. The widow re-married on the 14th of April, 1928. The petition now before us alleges that there remained unpaid at the time of its filing a balance of $935, the last installment payment of $20 having been made on the 5th of May, 1928. The petition sought a decree in favor of the two minor children for this balance. It appeared from the petition that Estie, one of the children, had married on the 29th of May, 1927, and was then living with her husband, Bob Dennis.

The trial Court adjudged that the portion of the original award remaining unpaid should be paid to the two minor children, both being under eighteen years of age. The Lumber Company appeals, insisting (1) that on the marriage of Estie her right to compensation wholly ceased; and (2) that the other minor child, Teola by name, is not entitled to receive the full award of $5.

To sustain the first of these propositions counsel for the Lumber Company rely on Subsec. 14 of Sec. 30,

Chap. 123 of the Acts of 1919, which in comprehensive terms reads as follows:

"If compensation is being paid under this Act to any dependent, such compensation shall cease upon the death or marriage of such dependent, unless otherwise provided herein."

This provision follows in the same Section (30) the provision which, as amended by the Chap. 40 of the Acts of 1927, passes to the children under eighteen years of age, upon the re-marriage of a widow, the compensation previously awarded to the widow and children. It is Subsection 9, and reads: "Upon the remarriage of the widow, if there are no children of the deceased employe, the compensation shall terminate, but if there are children under eighteen years, the said compensation, at the time of remarriage, payable to the widow, shall pass to and be vested in such children." It is suggested, as we understand, that since there is no exception made here of a married child, that, if still under eighteen years, such married child takes. We think not, but such a married child is excluded by the express general and comprehensive language of the following subsection 9 already quoted. A familiar canon of construction requires that effect be given to every clause and part of the statute, thus producing a consistent and harmonious whole. It appears therefrom to have been the intention of the Legislature to deny compensation to *"any* dependent" upon "the marriage of such dependent." The concluding words "unless otherwise provided herein" cannot be construed to refer to the provision made by subsection 9, as amended. This subsection (9) must be construed as excepting a child who is married. The compensation act

as a whole appears to recognize women having living husbands as dependents on such husbands.

We are further of opinion that the right to the compensation originally awarded to the widow and children passes to the minor child under eighteen years remaining unmarried. The total award was of the minimum sum fixed by the Act of $5 per week, it appearing that the deceased employe received wages of at least this amount. Subsection 16 of Section 30 clearly fixes a maximum and a minimum amount to be awarded, and controls. Learned counsel for the Lumber Company refer us to no authority supporting a contrary view and we deem it unnecessary to discuss authorities from other jurisdictions cited for petitioner Teola Finley construing statutes differently worded, valuable by analogy only. The Tennessee statute is unambiguous.

The judgment will be modified so as to award the entire sum of $5 per week, with accumulated interest on such payments as have not been made, to the petitioner Teola Finley, and so affirmed..