TENNESSEE COPPER COMPANY *v.* MEATIE ENRIQUES SHEL-
TON.

(*Knoxville,* September Term, 1931.)

Opinion filed October 17, 1931.

FRANTZ, MCCONNELL & SEYMOUR, for complainant, ap-
pellant.

D. SULLINS STUART, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the court.

Frank Enriques suffered death by accident arising out of and in the course of his employment by the Company in May, 1925, leaving as his dependents a widow and two minor children. Compensation on the basis of fifty per cent of his average wages was paid to the widow for the benefit of herself and two children. She has remarried and the sole question presented is whether the payments to the children shall be continued on the basis payable to the widow, or shall be readjusted and reduced to a forty per cent basis, applicable to two dependent orphan children, and no widow. Construction is invoked of Section 3 of Chap. 40 of the Acts of 1927, amending Section 30, Chap. 123 of the Acts of 1919, which reads as follows:

SEC. 3: *"Be it further enacted,* That Section 30 of the Acts of 1919, be, and the same is, hereby amended by striking out sub-section 9 of said Section, and inserting in lieu thereof the following words, 'upon the remarriage of the widow, if there are no children of the deceased employee, the compensation shall terminate, but if there are children under eighteen years, *the said compensation, at the time of the remarriage, payable to the widow, shall pass to and be vested in such children.'"*

We have italicised the controlling language of the amendment.

It is insisted for the Company that the amount of the compensation should be determined as provided by Sub-Section (10) of Section 30 of the Act of 1919, Chap. 123, which reads as follows:

"If the deceased employee leave a dependent orphan, there shall be paid thirty per centum of the monthly wages of deceased with ten per centum additional for each additional orphan, with a maximum of fifty per centum of such wages."

The Chancellor held that, the fifty per centum compensation, payable at the time of the remarriage, to the widow, passes to the children, as expressly provided in the amendatory act. The Company appeals, insisting that it could not have been the intention of the Legislature to compensate dependent children upon the remarriage of the widow in an amount greater then they would have received if there had been no widow on the death of the father; that on the remarriage of the widow the compensation should be readjusted to the basis set forth in Sub. Sec. 10, *supra,* that is, thirty per cent for one orphan, and ten per cent additional for each additional orphan.

However plausible may be the reasons suggested for such a rule, the language of the amendatory act is so unambiguous as to leave no room for construction. The language being plain the Courts may only enforce it as written.

It is true, as said by counsel for the Company, that in *Finley* v. *Keisling Lumber Company,* 162 Tenn., 184, this court was dealing with a minimum award, and the question now before us was not considered or determined, but it was not intended to limit the application of the language of the statute to such a case. Certainly, references to this amendatory Act contained in that opinion, and in the opinion in *King* v. *Vestal Lbr. & Mfg. Co.,* 158 Tenn., p. 17, are altogether consistent with the holding of the Chancellor. Moreover, while the distinction here insisted on was not suggested in *Hudson* v. *Maxwell,*

158 Tenn., 328, that case turning on another point, the award which passed from the widow on remarriage was for more than the minimum, and but one child was involved. By implication the Court recognized the amendatory Statute as passing to the child that compensation which had been payable to the widow before her remarriage.

The decree of the Chancellor must be affirmed.