LENOIR CAR WORKS *v.* MRS. IRA L. HILL.

(*Knoxville,* September Term, 1931.)

Opinion filed December 21, 1931.

J. H. Hodges, for plaintiff in error.

R. R. Kramer and W. B. Green, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

This appeal is from an award of compensation to Mrs. Hill on the death of her husband. It is conceded that the deceased was a regular employee of the Car Works, and that he was accidentally injured quite seriously in the course of his employment. Three complaints are made of the judgment, (1) that the death was not the result of the accident, (2) that an autopsy was refused following a demand reasonably and seasonably made, and (3) that the allowance made for a dependent child was not justified.

An examination of the record satisfies us that there is material evidence to sustain the finding of the trial judge that the death was the result of, or was at least substantially contributed to by the injury. This is all that is required to support compensation. See *Gilcrest Lumber Co.* v. *Rengler,* 109 Neb., 246, and notes in 28 A. L. R., 200. While this injury was to the arm only, it appears to have been a very, serious double fracture which it was apparently impossible to treat successfully, despite one or more operations by the Car Work's surgeons. It also appears that infection set in following these treatments and that the general health of the deceased was seriously impaired so that he gradually lost weight and strength until finally, on the advice of local physicians, he was carried to Atlanta by a representative of the insuring company for examination and treatment by an expert there. It is apparent that he had become exceedingly weak and while there is some testimony that this weakened condition was the result of physical impairment existing prior to the accident, the facts touching this matter are controverted and on this particular point there is evidence that his general health was reasonably good until the happening of this very serious and debilitating injury. He died suddenly while in charge of the agent of the insuring company and while enroute from the office of the doctor in Atlanta, to whom he had been taken for examination. It is insisted that the exact cause of his death is not shown, but two physicians give testimony expressing the opinion in more or less positive form that the death apparently and probably was the result of blood disturbances, specifically embolism obstructions, which might be attributed to the blood condition resulting from the accident and its ineffectual surgical and medical treatment. Taking the testimony as a whole

we are satisfied, as before stated, that there is material evidence to sustain the finding of the trial judge on this question.

With respect to the matter of autopsy we think it doubtful on this record that a demand is shown to have been made and refused in a clear and definite form. While representatives of the insurance company and the Car Works did visit the widow before the burial and expressed a desire for an autopsy, this request was not in such form as to constitute that definite demand under the statute which the law apparently contemplates, and the alleged refusal of the widow does not appear to have been a definite and final refusal, so much as an expression of an indisposition, or lack of wish, given out under circumstances of distress. It does not appear that the matter was pressed on her attention, or insisted upon as a right secured by law.

Moreover, while the statute does provide for an autopsy when required by an interested party, when the cause of death is obscure or is disputed, there is no provision in the statute making a refusal a bar to a recovery of compensation. The pertinent paragraph of section 25 of the Act reads as follows:

"In all death claims where the cause of death is obscure or is disputed, any interested party may require an autopsy, the cost of which is to be borne by the party demanding the same."

It is to be observed that the right to compensation is denied by the express terms of the Act, (1) where the death is due to wilful misconduct, intentional self-inflicted injury, intoxication, or wilful refusal to perform a duty required by law, (Sec. 10) and (2) where there is a failure to give notice within 30 days (sec. 22); (3) or where there is a failure to bring the suit within one

year after the accident (Sec. 24) ; and (4) the right to receive compensation is suspended by the refusal of the injured employee to be examined or to receive medical service (Sec. 25), but it is persuasively significant that no such penalty or forfeiture is provided for the failure of the widow or other dependent to provide for or consent to an autopsy on the request of any interested party. We have been cited to no authority construing this provision. It appears to have been before this Court only in the case of *Coal & Coke Co.* v. *Martin,* 155 Tenn., 34, in which it was held that evidence obtained by an autopsy effected by the defendant company was admissible, although the autopsy was held without the consent of the widow. The holding merely was that under this provision of the statute the defendant company has a right to have an autopsy upon the body of the deceased employee, where the cause of death is obscure or disputed. We are of the opinion that this is a right which the employer may enforce by proper proceedings. If a petition for compensation is promptly filed, the defendant employer would be entitled, upon a proper showing, to an order of the Court enforcing this right or, in case of such a "dispute," the employer may institute proceedings under the authority of Section 32 of the Act providing that "either party may submit the entire matter for determination to the Judge," etc. It results that this assignment must be overruled.

▮▮ It appears that the deceased employee left a dependent widow and one son, who at the time of the death lacked a few weeks of being sixteen years of age. The pertinent section of the Act reads as follows:

"Sec. 30. Be it further enacted, That for the purpose of this Act, the following described persons shall be conclusively presumed to be wholly dependent:

(1)   A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury and minor children under the age of 16 years.

(2)   Children between sixteen and eighteen years of age, or those over eighteen, if physically or mentally incapacitated from earning, shall, *prima facie,* be considered dependent.''

This son was attending school at the time of his father's injury and admittedly wholly dependent.  Following the injury of his father, the boy was taken out of school and went to work and continued so to work during his father's illness, and was so engaged at the time of the death. On this statement of facts the trial judge made the statutory allowance for this minor child under the age of 16 years, ''conclusively presumed to be wholly dependent.''

It is insisted for the defendant company that this minor comes within the class *prima facie* dependent only, provided by paragraph 2 of section 30 above quoted; and that since the record shows that he is neither physically nor mentally incapacitated from earning, he should not be considered dependent and awarded compensation. It is manifest that this minor was not a child ''between 16 and 18 years of age'' at the time either of the injury or death of the father.  He was a minor child under the age of 16 years, as to whom the conclusive presumption of dependency applies.  That he was earning wages when the death occurred is immaterial.  The question of dependency is determined as of the time of the death.  This view is in accord with the opinion of this Court in *Johnson Coffee Co.* v. *McDonald,* 143 Tenn., 505, wherein it was said:

''The law is that under workmen's compensation acts dependency means reliance for support upon workmen's

earnings at the time of injury or death, and not at any time thereafter. The condition of things then existing is determinative, and the courts will not consider subsequent events as affecting the right of dependents to compensation, provided they were dependent within the meaning of the act at the time of the injury or death."

It appears to be quite generally held that the matter of dependency is to be determined as of the time of the injury. See notes in 13 A. L. R., 683, 691; 30 A. L. R., 1256; 39 A. L. R., 314; 35 A. L. R., 1062. Among the cases cited are *Temescal Rock Co.* v. *Industrial Commission,* 180 Cal., 637; *Sarich* v. *Industrial Commission,* 64 Utah, 17; *Donoho* v. *Atlantic Basin & Iron Works,* 210 App. Div. 535, 206 N. Y. Sup., 495; *Kimber* v. *Mich. Light Co.* (Mich.), 203 N. W., 110; *Peart* v. *Bolckow, V. & Co.,* 1 K. B. (Eng.), 399. It results that this assignment also must be overruled and the judgment affirmed.