PRUDEN COAL & COKE CO. *v.* SYBIL JOHNSON, *et al.*

(*Nashville.* December Term, 1932.)

Opinion filed October 22, 1932.*

HARTMAN, HARTMAN & DOUGHTY, of Knoxville, and DAVIS & KETRON, of Tazewell, for plaintiff in error.

G. W. CHAMLEE, of Chattanooga, for defendant in error, Mary Louise Johnson and O'Dell Johnson.

---

* This opinion appears here because of its inadvertent omission from the proper volume.

J. H. Taylor and Floyd Taylor, both of Pineville, Ky., for Sybil Johnson.

Mr. Justice Chambliss delivered the opinion of the Court.

An unusual situation is presented by the facts of this compensation case. Following the death by accident of an employee, Albert Johnson, the Coal Company recognized liability to his descendants and the award made by the trial judge is questioned on this appeal only as to the amount.

The record shows that a woman to whom Johnson had been legally married many years before his death, and by whom he had children living at his death, two of whom were at the time under sixteen years, had been voluntarily living for a number of years apart from her legal husband in an adjoining State, and with another man. Meanwhile he had been living with another woman for several years before his death, by whom he had a child living at his death.

It thus appears that the deceased employee left three children, who being under sixteen years, were conclusively dependent. The trial judge awarded fifty per cent of the deceased's wages to these three children in equal parts, providing that upon the oldest of the children attaining sixteen years its part should be thereafter distributed between the others, and when the second oldest reached sixteen years, the entire fifty per cent should go to the third child for the remainder of the four hundred weeks. The holding of the trial judge was, (1) that the woman with whom he was living at his death took nothing, since she had not been his wife, and (2) that the lawful widow took nothing, because she was voluntarily living apart from him, but that the entire

award must be distributed among the children, as above stated. So far he was clearly right. However, the evidence showing that, after the death of Johnson, and before the award was made, the legal widow had married the man with whom she had been living theretofore unlawfully, the trial judge applied the section of the statute (Code of 1932, Sec. 6883, sub-sec. (8) and (10)) which deals with the award in cases of a widow with two children who remarries, and fixed the compensation at fifty per cent.

We are not of opinion that these sub-sections control on the facts of this case, but these three children should be treated as within sub-section (1) providing that dependent orphans shall be paid thirty per cent, if one, and ten per cent additional for each additional child. Since the act clearly excludes a woman technically a widow who has deserted her husband and is living voluntarily apart from him at his death, she does not, in the contemplation of the compensation law, acquire the status of a widow taking under the act. The term widow, as used in the act, is used in the restricted sense, although his widow for other purposes and with other effect.

In this view the judgment will be modified so as to award the compensation to the three children as orphans under sixteen years at his death, a total of fifty per centum, until the oldest attains a like age, and thereafter thirty per cent to the remaining child. But, it appearing that the oldest of the three children reached sixteen years in November, 1931, after the death of the employee in April, she will not share after that date, but forty per cent will be paid to the remaining children.

For Odell Johnson, the second oldest child, now some fourteen years of age, it is said the proof shows that

he is so physically incapacitated as that he will continue to be a dependent after reaching the age of sixteen, this under sub-section (2) but this is a question properly for the determination of the court when that time shall arrive, and the question will be accordingly so reserved. So modified the judgment is affirmed.