SHEA *et al. v.* HOFFMAN *et al.*

*(Nashville,* December Term, 1934.)

Opinion filed March 19, 1935.

CHARLES L. NEELY, of Memphis, for plaintiffs in error.

HEISKELL B. KELLEY, of Memphis, for defendants in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The question presented by this appeal is whether or not compensation awarded a dependent child ceases up-

on her marriage before arriving at age 16. The trial judge held that compensation awarded a daughter under age 16 did not cease upon her marriage while under 16, because she fell within the class mentioned in section 6883 (9) of the Code, section 30, subsec. 9, chapter 123, Acts 1919, defined therein as conclusively presumed to be wholly dependent and as physically and mentally incapacitated from earning.

The Compensation Act put the child under 16 in the same class as the wife, as may be observed by reference to section 6883 of the Code. Under these provisions the rights of the child rest upon no different basis from that of the widow.

Section 6883 (15) of the Code applies with equal force to both. That section provides: "If compensation is being paid under this chapter to any dependent, such compensation shall cease upon the death or marriage of such dependent, unless otherwise provided." No other provision of the act preserves the benefit to the dependent daughter after marriage. Upon marriage of the widow who has received compensation along with dependent children, section 6883 (10) of the Code places children under the age of 18 in the status of orphans, and provides that compensation shall be paid to them accordingly. The object of that section was to preserve the compensation to dependent children after the marriage of their mother.

As said in *Finley* v. *Keisling Lbr. Co.*, 162 Tenn., 184, 186, 35 S. W. (2d), 388: "A familiar canon of construction requires that effect be given to every clause and part of the statute, thus producing a consistent and harmonious whole. It appears therefrom to have been the intention of the Legislature to deny compensation to

'any dependent' upon 'the marriage of such dependent.' The concluding words 'unless otherwise provided herein' cannot be construed to refer to the provision made by subsection 9, as amended. This subsection (9) must be construed as excepting a child who is married. The compensation act as a whole appears to recognize women having living husbands as dependents on such husbands.''

■ The judgment of the trial court is reversed, because the act expressly excludes dependents from benefits under the Compensation Act after marriage.