SANDS *et al. v.* BROCK CANDY CO. *et al.*

(*Nashville,* December Term, 1936.)

Opinion filed March 1, 1937.

CHAS. S. COFFEY and HARRY DURAND, JR., both of Chattanooga, for plaintiffs in error.

WILKERSON & WILKERSON, of Chattanooga, for defendants in error.

MR. SPECIAL JUSTICE R. A. DAVIS delivered the opinion of the Court.

The two plaintiffs in error, acting through their guardian, are the dependent grandchildren of C. M. Sands, who met his death in June, 1934, under such facts as made his employer, Brock Candy Company, liable for the compensation fixed by the Workmen's Compensation Act (Code 1932, sec. 6851 et seq.). The employee's weekly wages amounted to $19.50. In the month following his death, a joint petition was filed by the surviving widow, and the employer, in which the death, wages, and right to compensation were conceded; this petition further set up the fact that the two plaintiff grandchildren of the deceased workman lived with him, were under his care, and in the custody of the employee's widow, and that they were entitled to compensation benefits as dependent children of the employee, and that each was entitled to receive 10 per cent of the average weekly wages of the deceased employee. The court, under such petition, awarded $1.95 per week to the two dependent grandchildren.

A separate petition was filed by the widow, and she was awarded $5.85 per week, not to exceed 400 weeks, this being 30 per cent of the weekly wages of the deceased.

Upon the joint petition of plaintiffs in error and Brock Candy Company, the trial court adjudged that these

grandchildren of C. M. Sands, deceased, were his dependents, and entitled to compensation under the act, until they attained the age of sixteen years; and the cause was retained on the docket "for entry of any other or further petitions, orders, or decrees, which are or may be proper or necessary for the determination, modification, or enforcement of the rights of any party or parties hereto."

The widow of the deceased workman died February 27, 1936, whereupon the guardian of the plaintiffs in error filed a petition in the trial court, seeking to have the former award reapportioned, as the result of the widow's death, so as to award to these dependent children 40 per cent of the weekly wages of the deceased employee, or 20 per cent each, upon the theory that they must be regarded and compensated as orphans. The trial court, acting upon the petition, took the view that the award formerly made, and apportioned between the widow and dependent grandchildren, as already stated, could not be changed, and that the 30 per cent of the wages given to the widow could not be reapportioned so as to give these dependent children the benefit of any portion thereof, notwithstanding the former adjudication of dependency of these children. An appeal has been perfected in behalf of the dependent grandchildren, and errors assigned which raise the question that, upon the widow's death, the award should have been reapportioned, so as to treat and compensate the two dependent grandchildren, as orphans, making each entitled to weekly compensation of $3.90, within the time limits fixed under the act.

The chief insistences of the defendants are that these dependent grandchildren cannot be treated as orphans,

the record disclosing that they have a living father; that they were not compensated under the former decree of the trial court, as orphans, but as dependent grandchildren and members of the family of the deceased workman; that our compensation act makes no provision for reapportionment among the surviving dependents of a deceased workman, upon the death of his widow; and it is said that the same reason which led this court to hold in *Aluminum Co.* v. *Fendnall,* 150 Tenn., 446, 265 S. W., 680, that upon remarriage of a widow, compensation payable to her ceased, and could not pass to the children of the deceased workman, compels the court now to say that the death of a compensable widow can have no result other than to terminate liability for the compensation which had been awarded to the widow, notwithstanding the survival of other compensable dependents. It is further insisted that the decree of the trial court is correct, under Code, section 6883(15), which provides: "If compensation is being paid under this chapter to any dependent, such compensation shall cease upon the death or marriage of such dependent, unless otherwise provided herein."

The case here presented, however, arises out of rights resulting from the death of the widow of the workman, not upon her remarriage; and *Aluminum Co.* v. *Fendnall, supra, Duff* v. *Black Diamond Collieries,* 161 Tenn., 486, 33 S. W. (2d), 63, *Tennessee Copper Co.* v. *Shelton,* 163 Tenn., 202, 42 S. W. (2d), 346, and other cases dealing with the rights of other dependents upon the remarriage of a widow do not seem to have application, or to be controlling.

We are unable to see any difficulty in treating

these dependent grandchildren as orphans, and compensating them as such.

In *Cherokee Brick Co.* v. *Bishop,* 156 Tenn., 168, 299 S. W., 770, this court construed our act to provide compensation to grandchildren, although they are not specifically mentioned in the act as beneficiaries under its provisions. The court says that the term "orphan" has reference to all dependent children within the class of dependents as defined in the act. And as said in *Shea* v. *Hoffman,* 168 Tenn., 628, 80 S. W. (2d), 87, our statute, Code, section 6883(10), places children under the age of eighteen in the status of orphans. The policy has been and is to construe the term "orphan" appearing in the act, not in a strict sense, but as having reference to minor dependent children. And in *Pruden Coal & Coke Co.* v. *Johnson,* 167 Tenn., 358, 53 S. W. (2d), 384, this court treated three minor children of a deceased workman as orphans, and compensated them at such, under Code, section 6883(11), which provides that 30 per cent of the monthly wages of the deceased should be paid to one dependent orphan, with 10 per cent additional for each additional orphan.

 . We are unable to find anything in our statute which forbids the reapportionment of the liability of the employer, among the class of dependents compensable at the time of his death, when one member of that class dies. While it is true that compensation cannot pass by inheritance, and that the compensation act is in no sense a statute of descent or distribution, yet, when it has been adjudicated, as in this case, that the widow and dependent grandchildren are beneficiaries of the wages of the employee, and entitled to be compensated for his death, a redistribution of the award, upon the death of the

widow, cannot be regarded as permitting the benefits awarded the widow to survive to the other dependents. The children take in their own right, as dependents, and not by inheritance. In the case before us, and on the adjudication heretofore made, but for the existence of the widow, now deceased, these dependent grandchildren would have been entitled to 40 per cent of the wages of the deceased employee, under the statute referred to. The trial court, within its discretion, apportioned the maximum award between the widow and dependent grandchildren, so as to divide between them the maximum allowance under the statute. Now that the widow is dead, to refuse to reapportion the award among the dependent grandchildren, would be to relieve the employer of an adjudged liability, and to deprive dependents of the proceeds thereof, who were adjudged entitled to such benefits at the time the original award was made. We are unable to see the justice of this view. Nor do we think such was the intention of the Legislature. The humanities of the act, the broad purposes thereof, and the general intent, by means of the compensation provided through the act, to provide, in a measure, the continued support of the employee to those who were the beneficiaries of his wages, compel the conclusion that, once a class has been adjudicated to be the beneficiary of the wages, a reapportionment of the award among the members of this class, so as not to exceed the maximum allowance, is both permissible and necessary, as changed conditions and justice demand. And it well may be doubted that the employer has any concern as to how the apportionment shall be made as between those actually entitled to the compensation.

Our conclusion that the act permits a redis-

tribution of the benefits awarded under it, as necessity demands, and our interpretation that the Legislature did not intend that the death of one compensable dependent, within the class of dependents at the death of the employee, should benefit the employer rather than the surviving dependents within the class, is strengthened by this provision in the act: "Actual dependents shall be entitled to take compensation in the order named in subsection (3) above, until fifty per centum of the monthly wages of the deceased during the time specified in this chapter shall have been exhausted, but the total compensation to be paid to all actual dependents of a deceased employee shall not exceed in the aggregate sixteen dollars per week." Code, section 6883 (19).

Grandchildren being within the class of actual dependents must be treated as entitled to the full proceeds provided for them under the act, for the time during which they may draw compensation, although the award to them may not be equivalent to 50 per cent of the monthly wages of the employee; otherwise, actual dependents will be deprived of full compensation for the time designated in the act.

Treating the question of reapportionment, 71 C. J., 862, states the rule as follows: "Although, under the statute, the amount of compensation and the dependent, or dependents entitled to receive it, are fixed upon the death of the workman, it does not follow that the apportionment between dependents wholly dependent must remain fixed; it is subject to change should changed conditions require it. Under a statute providing for a specified payment in case the employee leaves a certain number of dependent children, the death of a child, or its attainment of the statutory limitation upon the age

of a dependent child, does not, so long as the minimum number of dependent children as fixed by the statute remains, reduce the amount of compensation, but it is to be apportioned among the remaining dependent children.''

The Alabama statute, which contains a provision that compensation shall cease upon the death or marriage of a dependent, the dependence of a child to terminate at eighteen years, unless otherwise provided, seems to be construed by the courts of that state as merely intercepting the compensation from passing to the personal representative of the beneficiary, but not as depriving other dependents within the compensable class of the proceeds thereof. *Central Iron & Coal Co.* v. *Coker*, 217 Ala., 472, 116 So., 794.

The widow and these two grandchildren constituted the family group of the deceased workman; they lived in his home, and received the full benefit of his wages; under the former adjudication of the lower court, these two children would have received 40 per cent of the weekly wages of their grandfather, but for the fact that he had a widow, to whom was apportioned 30 per cent of the wages; the death of the widow removed an obstacle to the apportionment to the minors, of the full benefits to which they were entitled, and which our act contemplates they should receive, in the absence of apportionment to the widow; it seems to us both just, and within the purview of the act, that the death of the widow, which removed the obstacle to the full award to the minors, should result in a reapportionment for their benefit. Remarriage of the widow results in an award of the full remaining unpaid benefits to the children of the workman; and we cannot conclude that the Legislature intended that

the death of a widow should deprive dependent grandchildren of benefits to which they were entitled but for her existence. The dependents, by such death, are deprived of further means of support, whereas, upon a widow's remarriage, it is presumed that an additional means of support is provided.

An old and familiar rule in the exposition of statutes is that the reason and intention of the law, when obvious, will prevail over the literal sense of the words.

The trial court should have reapportioned the adjudged compensation due from the employer, so as to compensate the defendant minors as though they were orphans; the decree dismissing the petition for reapportionment is reversed, and the cause remanded, with direction that a decree be entered as herein indicated. Defendants will pay the cost.