WHITWELL COAL CORPORATION *v.* CORNETT.

(*Knoxville,* September Term, 1939.)

Opinion filed January 20, 1940.

.L. N. SPEARS, of Chattanooga, and J. D. FULTS, of Tracy City, for plaintiff.

H. J. DENTON, of Dayton, for defendant.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a case brought under the Workmen's Compensation Law of Tennessee. It appears that Robert Helton was accidently killed while in the employ of the Whitwell Coal Corporation, leaving his widow, Mary Helton and three children under the age of eighteen years. He was divorced from his first wife, Verna Cornett, and the youngest child lived with her. The other two children lived with their stepmother, Mary Helton. No question was made on the original hearing as to petitioner's right to compensation.

At the January, 1936, term, the court awarded compensation in the amount of 50% of the $14.12, the average weekly wage of deceased, and distributed the allowance as follows: 43⅓% of the average weekly wage for the widow, Mary Helton, and for the use of the two children Arthur and Lorene, who resided with her, and 6⅔% of the average weekly wage to Verna Cornett for the use of Ernest Edward Helton, who resided with her. The order provided that this distribution of the recovery should continue until the last child reached the age of eighteen years.

At the May, 1936, term, an order was entered reciting that Lorene Helton was married on March 16, 1936, and adjudging that the payment for her use cease as of that date and that the other two children should receive 10%, each, of such weekly wage until they arrive at the age of eighteen years; that defendant would continue to pay in 50% of said weekly wage until Arthur Helton arrived at the age of eighteen years on December 15, 1936, after which time defendant was to pay in 40% of said average weekly wage, 30% for the widow and 10% to Verna Cor-

nett for the use of Ernest Edward Helton. The cause was retained in court for further petitions and proceedings.

Thereafter, on September 5, 1938, Verna Cornett filed her petition in the cause and averred that the 10% of the average weekly wage of deceased allowed her for the use of Ernest Edward Helton "does not represent the full amount of the total award made in the original decree for the use of the three minor children of the deceased. Petitioner is advised and charges that the amount of compensation to be paid by the defendant is to be determined as of the date of the injury, at which time there was more than one dependent child under the age of 18 years and that upon the said Arthur Helton's reaching the age of 18 years the whole of said 20% awarded for the use of the children of the deceased belonged to said Ernest Edward and should have been paid to your petitioner for his benefit."

The prayer of the petition is that upon the hearing the order at May term, 1936, be modified so as to require defendant to pay into court, for the use of Ernest Edward Helton, the difference between the 40% paid since December 13, 1936, and the 50% as originally awarded, and that the future payments for the use of Ernest Edward Helton be decreed to be 20% of the average weekly wage of deceased.

The court, at the May, 1939, term entered a decree granting the prayer of the above-mentioned petition and modified the decree entered at the May, 1936, term, so as to leave the amount to be paid in by defendant at 50% of the average weekly wage as provided by the original decree, and that 2/5 of the amount so to be paid will be for the benefit of Ernest Edward Helton and 3/5 thereof to the widow, Mary Helton, and defendant was ordered to

pay in court the difference between the 40% fixed by the order of May, 1936, and the 50% now allowed, for the period that elapsed between the time Arthur Helton arrived at eighteen years of age, on December 15, 1936, and May, 1939.

From this decree, defendant has appealed and assigned errors.

It is complained that the trial court erred in holding that Ernest Edward Helton was entitled to 20% of the average weekly wage, after Arthur Helton reached the age of eighteen years on December 15, 1936.

Section 6883 (7) and (8) of the Code (Workmen's Compensation Law) are as follows:

"(7) Widow and Child—If the deceased employee leave a widow and one dependent child, there shall be paid to the widow for the benefit of herself and such child, forty per centum of the average weekly wages of deceased.

"(8) Widow and children—If the deceased employee leave a widow and two or more dependent children, there shall be paid to the widow for the benefit of herself and such children, fifty per centum of the average weekly wages of deceased."

The trial court in its original decree correctly fixed the amount of compensation at 50% of the average weekly wage of deceased and correctly apportioned 30% thereof to the widow and 20% to the use of the three children. When Lorene married she ceased to be a dependent and defendant was relieved from paying into court anything further on her account. When Arthur Helton reached the age of eighteen years, he likewise ceased to be a dependent and defendant stood relieved from making further payments on his account. The widow and one dependent then remained. Under Code, section 6883

(7), *supra,* the amount allowed the widow and one dependent child is 40% of the average weekly wage of deceased.

Section 6883 (18) of the Code is as follows:

"(18) Orphans and other children.—In computing and paying compensation to orphans or other children, in all cases, only those under eighteen years of age, or those over eighteen years of age who are physically or mentally incapacitated from earning, shall be included, the former to receive compensation only during the time they are under eighteen, the latter only for the time they are so incapacitated, within the period of four hundred weeks."

It is the insistence of appellee, and the trial judge so held, that the original allowance having been fixed at 50% of the average weekly wage, the amount could not thereafter be reduced by the subsequent marriage of Lorene and the attaining of eighteen years of age by Arthur. The case of *Sands* v. *Brock Candy Co., et al.,* 171 Tenn., 235, 101 S. W. (2d), 1113, is relied on to sustain this proposition. In that case the compensation awarded the widow and two dependent grandchildren was 50% of the average weekly wage of the deceased. Code, section 6883 (8). On the death of the widow, the two dependent grandchildren were accorded the status of orphans by the court, and the compensation awarded was reapportioned so as to award them 40% of the average weekly wage of the deceased as provided by Code, section 6883 (11).

From the above it will be seen that the case does not support the contention made here that the amount of compensation allowed the widow and three children must thereafter remain the same though one of the children married and another attained eighteen years of age.

To allow the remaining dependent child 20% of the average weekly wage would do violence to Section 6883 (7) which allows 40% of the average weekly wage of deceased to the widow and one dependent child. The decree of the trial judge apportioning 10% of said wage to Verna Cornett for the use of the dependent child, Ernest Edward Helton, was correct. The decree modifying the former decree so as to allow this dependent 20% of the average weekly wage is erroneous and must be reversed and the cause remanded.