Royal Indemnity Company et al., Appellants

*v.*

Annie Pearl Martin Jackson et al., Appellees.

(*Nashville,* December Term, 1956)

Opinion filed March 8, 1957.

WADE & FORRESTER, Pulaski, for complainants.

D. C. LEE, Pulaski, for defendants.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The only question in this Workmen's Compensation case is whether or not dependency, having been determined as of the date of the death of the deceased employee, may be affected by a subsequent change of conditions.

A petition was filed in this cause by Royal Indemnity Company, the insurance carrier, and the employees, a partnership doing business as M. H. M. Hereford Farms, in which the following is made to appear.

That one Ed Martin, an employee of said partnership, was injured in October 1952, and as a result of same, died on December 28, 1952. That his daughter, Annie Pearl Jackson, age 17, and her son, Ronald Eugene Jackson, age 2, were dependents of said deceased workman.

That an agreed settlement approved by the Court was entered of record in the Chancery Court of Giles County, by which said employer and insurance carrier were to make certain payments to the guardian of said minors for the benefit of Annie Pearl Jackson until she should become 18 years of age and for the benefit of her son in the amount of $10 a week for a period of 364⅘ weeks, that is until June 25, 1960, subject to the conditions and limitations contained in the Workmen's Compensation Act of Tennessee.

It is alleged that conditions have now arisen which result in the fact that said Ronald Eugene Jackson is no longer a dependent of the said Ed Martin, deceased, but is a dependent of his father and mother, Annie Pearl Jackson and Willie Ollie Jackson, for the reason that, although said child was born out of wedlock, said parents have since married and thereby legitimated said minor child. Accordingly, the employer and insurance carrier sought to be relieved of liability for any other payments for the benefit of said minor child.

The Chancellor sustained the demurrer to said petition and hence this appeal.

. The insistence of appellants is that, since the statute T.C.A. sec. 50-1013 provides in part that a child under the age of 16 years is conclusively presumed as a matter of law to be wholly dependent upon the father, the Chancellor should have decreed that no further payments are required to be made for the benefit of said minor child as a dependent of the deceased Ed Martin, his grandfather, but that said child is conclusively presumed to be wholly dependent upon his father.

 The question is controlled and settled by *Johnson Coffee Co. v. McDonald,* 143 Tenn. 505, 226 S.W. 215. This case holds (1) that dependency is determined at the time of the injury or death of the employee and not at any time thereafter, and that the Courts will not consider subsequent events as affecting the right of dependents to compensation, provided they were dependents within the meaning of the Act at the time of the injury or death; (2) The above provision of the statute which creates the conclusive presumption that children under the age of 16 years are wholly dependent on the father means that compensation shall be paid to such children whether the father does or does not as a matter of fact support them, but that it is not the law that if in fact the children are dependent upon somebody else, such dependency cannot be shown and established by the proof.

This case has been followed on the first point in *Lenior Car Works v. Hill,* 163 Tenn. 578, 44 S.W.2d 321; *Sharp Drug Stores v. Hansard,* 176 Tenn. 595, 604, 144 S.W.2d 777; *Sweeton v. Tennessee Consol. Coal Co.,* 179 Tenn. 216, 219, 164 S.W.2d 1010.

It has not been overruled or distinguished in any way with regard to the second point, the construction of the statute as to the meaning of the conclusive presumption. We see no reason to disturb this holding.

The decree of the Chancellor is affirmed.