SUPERIOR MOTORS, INC., et al.,
Appellants,

v.

Trena Jeanette MORRIS, Appellee.

Supreme Court of Tennessee.

Jan. 15, 1973.

H. Francis Stewart, Robert L. Estes, Afif Srouji, Nashville, for appellants.

John R. Cheadle, Nashville, for appellee.

## OPINION

CHATTIN, Justice.

This action was instituted by Superior Motors and its Workmen's Compensation Insurance carrier, Universal Underwriters Insurance Company, for the determination of the person or persons to whom workmen's compensation benefits should be paid due to the accidental death of Thomas Washington, an employee of Superior, in the course and scope of his employment.

The petition alleged Thomas Washington left surviving various persons who could qualify as his dependents. Those persons were made defendants to the suit.

The real name of appellee, Trena Jeanette Morris, is Trena Jeanette Washington and the only child of deceased. She was five years of age at the time of her father's death.

Appellant, Julia Washington, is the mother of deceased.

The suit was dismissed as to all other named defendants to the original bill.

Trena and Julia filed answers and cross bills to the original bill. Julia sought recovery not only for the maximum amount of compensation benefits due as the result of her son's death; but, also, for funeral expenses which she had paid.

Trena, as the only child of deceased, sought recovery of the maximum benefits payable under the Workmen's Compensation Act for the death of her father.

The trial judge found that, although deceased had been contributing partially to Trena's support, she was, as a matter of law, wholly dependent on him.

The trial judge, also, found his mother, Julia, was partially dependent on deceased at the time of his death.

Deceased had an average weekly wage of $158.00.

The trial judge decreed that Trena was entitled to recover benefits as a dependent orphan of deceased as provided by T.C.A. Section 50–1013(c)(5) which reads, in part:

"If the deceased employee leaves one (1) dependent orphan there shall be paid fifty per cent (50%) of the average weekly wages of the deceased; * * *."

Since the mother of Trena was still living, but married to another man, on the death of the father; Trena must be considered a dependent orphan. Pruden Coal and Coke Co. v. Johnson, 167 Tenn. 358, 53 S.W.2d 384 (1932).

Accordingly, the trial judge correctly decreed that Trena recover the sum of $47.00 per week for four hundred weeks, the accrued benefits to the date of the entry of the decree to be paid in a lump sum and thereafter on a weekly basis of $47.00 for the balance.

He further decreed in the event Trena should die prior to her sixteenth birthday and at the time of her death the maximum amount of $18,800.00 had not been exhausted and Julia was still living, she would be entitled to compensation from any balance left. The decree was ordered to be retained in court for modification in the event of the happening of such contingencies.

The trial judge further decreed Julia was entitled to recover of Superior and Universal the sum of $500.00, the amount of the funeral expenses paid by her.

Superior, Universal and Julia have perfected appeals and assign errors.

Superior, Universal and Julia insist it was error for the trial judge to hold, as a matter of law, Trena was conclusively presumed to be wholly dependent for support upon her father at the date of his death when the proof showed and the trial judge

found, as a matter of fact, Trena was only partially supported by the deceased.

In support of this assignment, appellants rely on the cases of Johnson Coffee Co. v. McDonald, 143 Tenn. 505, 226 S.W. 215 (1920); and Royal Indem. Co. v. Jackson, 201 Tenn. 500, 300 S.W.2d 893 (1957).

They argue these cases hold that the conclusive presumption that a child under sixteen years of age is wholly dependent upon his or her father is a rebuttable presumption; and that the trial judge found as a fact Trena was only partially supported by her father; and, therefore, a partial dependent.

In the McDonald case Mrs. McDonald had divorced her husband and was working and supporting her three daughters. The father had not contributed to their support after the divorce. Two of the daughters were under the age of sixteen at the time of her accidental death. The third daughter was over the age of sixteen, but under the age of eighteen years.

The employer defended the claim of the daughters for compensation benefits on the ground that the compensation Act created a conclusive presumption that children under sixteen years of age are wholly dependent upon the father; and that there is a prima facie presumption children between sixteen and eighteen years of age are dependent upon the father, there was no evidence on which an award could be made.

The Court rejected this argument and said:

"The provisions of Section 30 (now T. C. A. Section 50–1013(a)(1)) which creates the conclusive presumption that children under the age of sixteen (16) years are wholly dependent upon the father means that compensation shall be paid to such children whether the father does or does not, as a matter of fact, support them, but it is not the law that, if in fact such children are dependent upon the mother by reason of the desertion of his

family by the father, or his refusal or physical inability to support the children, such dependency cannot be shown and established by proof.

\*    \*    \*    \*    \*    \*

"It has been held in numerous cases that the legal obligation to support is not so determinative of the question of dependency as to preclude the offering of evidence to show actual dependency when such legal obligation to support has not in fact been performed, and in several states where the Act, as does our Act, creates a conclusive presumption, the courts have construed it, not as rendering inadmissible evidence of actual dependency, but rather as a rebuttable presumption sufficient to impose the burden of proof on either the employer or insurance carrier. The principle underlying these holdings is that, as a legal obligation to support his family rests on the father, it will be presumed, in the absence of evidence to the contrary, that this obligation has been discharged and performed, but if in fact minor children are dependent on someone other than the father, such dependency can be shown by the evidence, and, if shown, an award will be made in favor of such children for an injury to or death of the person, other than the father, on whom they are as a matter of fact dependent."

In the case of Royal Indemnity the Court stated the question presented in that case was controlled and settled by the McDonald case.

It is clear that these cases simply hold that the conclusive presumption children under sixteen years of age are wholly dependent on the father does not bar them from rebutting that presumption by showing the dependency upon a person other than the father in order to recover an award from such other person.

It is, also, clear those cases hold the fact that in the event of the death of the father, the conclusive presumption that his child under sixteen years of age was whol-

ly dependent upon him prevailed whether he actually provided any support or not.

The undisputed facts are Trena was born out of wedlock on September 6, 1965, to Barbara Jean Morris, and that Barbara and deceased were married on September 12, 1965, and divorced on December 12, 1967; that at the time of the fatal accident Barbara was married to and living with Charles Smith; that Trena was living with her mother and stepfather; and that deceased had been contributing to Trena's support.

Trena became legitimized when her father and mother intermarried after her birth. T. C. A. Section 36–309.

T. C. A. Section 50–1013(a) provides in part:

"For the purposes of the Workmen's Compensation Law the following described persons shall be conclusively presumed to be wholly dependent.

"(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury, and minor children under the age of sixteen (16) years."

As stated, Trena was living with her mother and stepfather at the time of her father's accidental death. Accordingly, Trena's mother was not entitled to recover any benefits; but Trena, deceased's only child, and under sixteen years of age, was entitled to recover all compensation benefits.

The argument she was only partially dependent on her father; and, therefore, entitled to benefits as a partial dependent is unsound.

"A legitimate child under 16 years of age could not be a partial dependent because such a child is conclusively presumed to be wholly dependent." Portin v. Portin, 149 Tenn. 530, 261 S.W. 362 (1924).

We overrule the assignment.

Superior and Universal further insist it was error for the trial judge to find Julia was partially dependent on deceased at the time of his death.

We think this assignment is without merit and overrule it.

If there is any material evidence to support the trial judge's finding we must affirm it.

We think there is ample proof to show she was partially dependent on deceased.

She testified she had been separated from her husband for more than twenty years; that she had raised three sons; that her sons, Lorenzo and Ernest, lived with her; that Lorenzo contributed some to her support; that Ernest was unemployed and suffered from a heart condition; that for the past several years the deceased had contributed from $65.00 to $70.00 a month for her support.

Finally, Julia contends the trial judge erred in refusing to decree her and Trena each recovery of benefits on the basis of partial dependency as provided by T. C. A. Section 50–1013(c)(10) since the trial judge found each was partially dependent upon decedent.

The undisputed proof is deceased left Trena as his only child surviving him. She, as pointed out above, was entitled to the maximum award under the Compensation Act.

Furthermore, Julia is not entitled to recover as a partial dependent, since deceased left Trena surviving him. T. C. A. Section 50–1013(c)(7).

All assignments of error are overruled and the decree of the trial judge is affirmed.

Appellants will pay the costs.

DYER, C. J., HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.