**Opinion issued May 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00190-CV

———————————

**YIGAL BOSCH, Appellant**

**V.**

**FROST NATIONAL BANK, Appellee**

———————————

**On Appeal from the 133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-63337**

———————————

## MEMORANDUM OPINION

Appellant, Yigal Bosch, attempts to appeal from an order granting Frost

National Bank's "No Evidence Motion for Summary Judgment" and denying Frost

National Bank's "Traditional Motion for Summary Judgment on its Counter-

Claim." Appellee, Frost National Bank, has moved to dismiss the appeal. We dismiss the appeal.

Bosch filed a lawsuit in the trial court against appellee, Frost National Bank. In response, Frost filed a counterclaim against Bosch. Frost then moved for summary judgment of Bosch's claims against Frost and of Frost's counterclaim against Bosch. The trial court "ordered that [Frost's] No Evidence Motion for Summary Judgment is GRANTED, and [Frost's] Traditional Motion for Summary Judgment on its Counter-Claim against [Bosch] is DENIED."

Frost has moved to dismiss this appeal for lack of jurisdiction, arguing that the trial court's December 11, 2012 order is not a final judgment and we have no jurisdiction over this interlocutory appeal. Frost further requests attorney's fees of $750 for the necessity of filing the motion to dismiss. Bosch responded by arguing that the trial court's order denied Frost's counterclaim and ended the lawsuit.

Generally speaking, appellate courts only have jurisdiction over appeals from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *N.E. Indep. Sch. Dist. v. Aldridge*, 300 S.W.2d 893, 895 (Tex. 1966). "Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction." *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998); *see, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2008). A judgment is final for purposes of appeal if it

2

disposes of all pending parties and claims in the record. *See Lehmann*, 39 S.W.3d at 195.

Here, the trial court's order specifically denied Frost's motion for summary judgment on its counterclaim against Bosch. Therefore, Frost's counterclaim is still pending in the trial court, and the trial court has not issued a final judgment. Because no statute explicitly provides us with jurisdiction over this interlocutory appeal, we grant Frost's motion to dismiss the appeal.

Further, although we may award damages to a prevailing party for a "frivolous" appeal, we decline to conclude that Bosch's mistaken interpretation of the trial court's judgment, that it denied Frost's counterclaim as opposed to denying Frost's motion for summary judgment on its counterclaim, makes this attempted appeal "frivolous" or warrants sanctions. *See* TEX. R. APP. P. 45; *Mailhot v. Mailhot*, 124 S.W.3d 775, 778 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We deny Frost's request for attorney's fees.

Accordingly, we grant Frost's motion to dismiss, deny Frost's request for attorney's fees, and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.