Sweeton *et al. v.* Tennessee Consol. Coal Co.

(*Nashville*, December Term, 1941.)

Opinion filed June 2, 1942.

John Grady O'Hara, of Jellico, for plaintiff in error.

Spurlock & Spears, of Chattanooga, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Petitioners for compensation in this case are the father, mother, brothers and sisters of Charles Sweeton, who was accidentally killed August 14th, 1941, while

working in defendant's mines. He was nineteen years old and resided in the family home, owned by his parents, the dwelling house located on a five-acre tract, used partly as a garden. His father earned in the first nine months of the current year, 1941, that is, up to the date of this son's death, $1,113.30, at the rate of nearly $125 per month. The question for consideration is whether or not petitioners are partial "dependents" in the sense of the Compensation Statute. The trial Judge held that compensatory dependency was not shown and dismissed the petition. Petitioners appeal.

■■ We early held that the question of the dependency of a father and mother was one of fact and the finding of the trial Judge will not, therefore, be disturbed, if supported by any material evidence. *Tennessee Chem. Co.* v. *Smith,* 145 Tenn., 532, 238 S. W., 97. Application of this rule practically disposes of this appeal. There can be no doubt that much evidence goes to show that these petitioners were not actually dependent, in whole or in part, on the wages of this young man, at the time of his death. Enough has heretofore been said to show this. When the proof shows that parents own their home in a small county settlement, where living costs are low, and the father earns $125.00 a month, it can hardly be said that this does not constitute material evidence to sustain the Court's finding against dependency.

■■ Relationship appears to be more or less relied on for petitioners. Relationship is only evidence of and not the real test of dependency. *Kinnard* v. *Tennessee Chem. Co.,* 157 Tenn., 206, 7 S. W. (2d), 807. Actual dependency for support is the test. See *Wilmoth* v. *Phoenix Utility Co.,* 168 Tenn., 95, 97, 75 S. W. (2d), 48. The rule of conclusive dependency of a wife on a husband

and of children under sixteen years of age upon a father does not apply to a son or a brother. Code, sec. 6883.

The deceased had been attending school and earning something more than $35 a month by work in spare time, which in large part went into the general family fund. He had begun work in the mines only the day before he was killed. At that work he appears to have been on an earning basis of approximately $100 a month. While dependency is to be tested as of the time of the accident, *Johnson Coffee Co.* v. *McDonald,* 143 Tenn., 505, 226 S. W., 215, it is proper to consider, in determining the actual dependency of petitioners, how they have been supported prior to that date, what means and income they have found sufficient for a reasonable support. What this young man had heretofore contributed had been little, if anything, more than his reasonable board and other expenses. If, as insisted, it does appear that he was contributing to the family a substantial percentage of the total income, this is not conclusive. The question is not whether the amount of the family income was diminished by his death, but whether the necessary support of the family was affected. Many incomes are much greater than is required for support. One is not a compensable dependent who has otherwise a reasonable support. *Wilmoth* v. *Phoenix Utility Co., supra.* This is perhaps the determinative distinction here. There is material evidence that petitioners otherwise enjoyed a reasonable support, and were, therefore, not compensable dependents of the deceased. We find no error in the judgment dismissing the petition. Affirmed.