DIAMOND COAL MINING CO. *v.* CURNUTT *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed November 7, 1942.

JOEL H. ANDERSON, of Knoxville, and HOMER H. WALLACE, of Clinton, for plaintiff in error.

A. L. Fox, of Clinton, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Mrs. Fannie Curnutt and Miss Lyda Curnutt, the mother and sister, respectively, of William Curnutt, deceased, filed their petition herein against the Diamond Coal Mining Company to recover compensation, under the Workmen's Compensation Law of Tennessee, and alleged that they were actual dependents of William Curnutt, an employee of the defendant, who died on May 24, 1941, as the direct result of accidental injuries sus-

tained by him in the course of his employment. The deceased left a widow, Mrs. Roxie Curnutt, not a party to this suit. There were no children.

Petitioners aver that they were dependents of deceased at the time of and prior to his death; that the average weekly wage of the deceased for the period of his employment was $16.80, and that under the provisions of the Workmen's Compensation Law, as amended by Chapter 90, Public Acts 1941, the dependents of the deceased are entitled to receive sixty percent of his average weekly wage for a period of 400 weeks; that the widow of the deceased is entitled to receive thirty-five percent of his average weekly wage and petitioners are entitled to receive twenty-five per cent of his average weekly wage for 400 weeks.

The defendant answered and denied that petitioners were dependents of the deceased, or that he contributed to their support for any substantial period of time prior to his death. It was admitted that the average weekly wage of deceased was $16.80.

On the hearing, the trial judge found that Mrs. Fannie Curnutt was partially dependent upon the deceased from the latter part of 1939, and was so dependent to the extent of thirty-three and one-third percent, and Miss Lyda Curnutt was wholly dependent upon the deceased from the latter part of 1939. It was decreed that Mrs. Fannie Curnutt have and recover eight and one-third percent of the average weekly wage of the deceased, or $1.40 per week for 400 weeks, and that Miss Lyda Curnutt have and receive sixteen and two-thirds percent of the average weekly wage of deceased, or $2.80 per week for 400 weeks.

Defendant has appealed to this court and assigned errors. The only questions made are these—Were peti-

tioners dependents of William Curnutt, deceased, and if so, what amounts were they entitled to recover?

On the question of whether or not petitioners were dependents of deceased at the time of his death, a considerable volume of evidence was adduced before the trial judge. We have carefully considered the evidence and our conclusion is that the findings of the trial judge that Mrs. Fannie Curnutt was thirty-three and one-third percent dependent upon the deceased, and Miss Lyda Curnutt was wholly dependent upon him is supported by material evidence. This being true, the finding of the trial judges is conclusive upon this court.

The average weekly wage of deceased, as hereinbefore stated, was $16.80. The amount payable to dependents for death of the employee under the Workmen's Compensation Law is sixty percentum of the average weekly wages, Code, section 6880, as amended, subject to maximum compensation to persons wholly dependent upon the deceased, of $18 per week for 400 weeks, and a minimum of $7 per week, provided that if at the time of injury the employee receives wages less than $7 per week, the compensation shall be the full amount of such wages per week. The same provision is made as to partial dependents. Code, sec. 6883(17) as amended. If the deceased leave a widow and no dependent child, there shall be paid to her thirty-five per centum of his average weekly wages for the period of 400 weeks. Code, sec. 6883(6) as amended. The widow comes first in the order of distribution of the compensation. Section 6883(3). Thus there is twenty-five per centum of the aggregate compensation allowed under the statute for distribution between the petitioners herein. The trial judge found that Mrs. Fannie Curnutt (mother) was thirty-three and one-third percent dependent on the deceased and Miss

Lyda Curnutt (sister) was wholly dependent on the deceased. The mother comes before the sister in the payment of compensation as fixed by Code, section 6883(3).

Thirty-five per centum of the average weekly wages, or $5.88 being deductive for the widow, there remained twenty-five per centum of such wages to be apportioned between the petitioners, mother and sister of the deceased. The mother, Mrs. Fannie Curnutt was found by the trial judge to be only thirty-three and one-third percent dependent on the deceased. Hence, she is entitled to receive eight and one-third per centum of the average weekly wages, or $1.40 per week for 400 weeks, and Miss Lyda Curnutt is entitled to receive sixteen and two-thirds per centum of the average weekly wage, or $2.80 per week for the time just mentioned. Both of the petitioners were actual dependents of the deceased, though the mother was only partially so dependent.

Code, section 6883(19), as amended, is as follows:

"Actual dependents shall be entitled to take compensation in the order named in subsection (3) above, until sixty per centum of the monthly wages of the deceased during the time specified in this chapter shall have been exhausted, but the total compensation to be paid to all actual dependents of a deceased employee shall not exceed in the aggregate eighteen dollars per week."

Petitioners are not complaining of the apportionment of compensation between them. We think the decree of the chancellor is without error. Reference is made by counsel for defendant to Code, section 6883(17) as amended, and the argument is made, that, "We assume that if the average weekly wages of a deceased husband were sufficient to produce $18 when multiplied by 35%, the widow would be entitled to $18 per week. In those cases, however, where the 35% produces less than $7

the statute plainly provides that there shall be a minimum payment of $7 per week, and since the claims of a widow have priority over other alleged dependents, we do not believe the amount provided for her by the statute can be reduced by the claim of other parties.''

█ We think the maximum and minimum provisions of Code, sec. 6883(17) applies to cases where the entire benefits allowed all actual dependents equal the maximum of $18 per week or falls below the minimum of $7 per week and do not apply exclusively to the widow, as argued by counsel for defendant.

The result is that the decree of the trial judge must be affirmed. Defendant (appellant) will pay the costs of the appeal.