FLOYD *v.* INDEMNITY INS. CO. OF NORTH AMERICA *et al.*

(*Nashville,* December Term, 1946.)

Opinion filed February 1, 1947.

RICHARD MARSHALL, of Nashville, for appellant (Gustella Pearl Floyd).

D. F. BLACKMON, of Nashville, for appellee insurance company.

NORMAN & KEEFE, of Nashville, for appellee Mattie B. (Coleman) Floyd.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause originated in the chancery court of Davidson County, wherein the insurer, Indemnity Insurance Company of North America, filed its interpleader bill against the appellant, Gustella Pearl Floyd and the appellee, Mattie B. (Coleman) Floyd. The Indemnity Insurance Company was the insurer carrier for the Nashville Warehouse & Elevator Corporation, whose employee, Ephriam William Floyd, was killed by a fall while in the employment of said corporation. Appellant, Gustella Pearl Floyd, was the alleged last wife of the deceased and married him on April 21, 1935. The appellee, Mattie B. (Coleman) Floyd, was the lawful wife of the deceased, having married him in 1924.

The chancellor found in his findings of fact that the appellee, Mattie B. (Coleman) Floyd, was entitled to recover under the Workmen's Compensation Act the sum of $5.41 per week for a period of not exceeding four hundred weeks.

The appellee, Mattie B. (Coleman) Floyd, is not questioning the amount of the award of the chancellor. The real question presented here is whether the appellee, Mattie B. (Coleman) Floyd, is entitled to recover under the Workmen's Compensation Act as the surviving wife of the deceased employee, or whether the appellant, Gustella Pearl Floyd, the alleged second wife of the deceased employee, is entitled to recover the benefits.

The chancellor found as a fact that the deceased, Ephriam William Floyd, deserted his wife, Mattie B. (Coleman) Floyd, and went off with the appellant, Gustella Pearl Floyd. The chancellor further found that prior to this bigamous marriage the appellant, Gustella Pearl Floyd, had been going with the deceased and having improper relations with him over the protest of the appellee, Mattie B. (Coleman) Floyd; and the chancellor also found that the appellee had sought unsuccessfully for years to get the deceased to come back and live with her as man and wife.

Our Compensation Act (Williams' Code, sec. 6883) provides as follows:

"Who are dependents, wholly and partial.—For the purposes of this chapter, the following described persons shall be conclusively presumed to be wholly dependent:

"(1) A wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury, . . . ."

The chancellor further found in his findings of fact that the appellee, Mattie B. (Coleman) Floyd, was the lawful wife of the deceased, Ephriam William Floyd, from whom she had never been divorced and was not voluntarily living apart from him at the time of his injury and death; but on the contrary had vainly sought to have deceased discontinue his association with his alleged second wife and come back and live with her. These various findings are supported by material evidence.

 Upon review of a compensation case, this Court does not weigh the evidence but looks to it only to see if the finding of the trial court is supported by any material evidence. *Central Franklin Process Co.* v. *Gann,* 175 Tenn. 267, 133 S. W. (2d) 503. .

■ The question of dependency under the Act being one of fact, the finding of the trial judge will not be disturbed by a reviewing court if supported by material evidence. *Sweeton* v. *Tennessee Consol. Coal Co.*, 179 Tenn. 216, 164 S. W. (2d) 1010; *Diamond Coal Mining Co.* v. *Curnutt*, 179 Tenn. 278, 165 S. W. (2d) 575.

The appellant, Gustella Pearl Floyd, contends that she was lawfully married to the deceased, but the evidence shows that the deceased and the appellee, Mattie B. (Coleman) Floyd, were never divorced; and the evidence further shows that both of the claimants to this fund reside and have resided in Davidson County for many years.

In the case of *Partee* v. *Memphis Concrete Pipe Co.*, 155 Tenn. 441, at pages 446 and 447, 295 S. W. 68, at page 69, this Court, in construing our Compensation Act, Williams' Code, sec. 6883 (1), said:

"The Tennessee statute defining wives 'conclusively presumed to be wholly dependent' recognizes the existence of the husband's legal obligation, and includes as beneficiaries presumptively dependent, under section [35] 30 (1), wives who do not voluntarily live apart from their husbands and who for that reason are entitled to enforce their rights of support against the husband, and, upon his death by accident, to enforce the claim for compensation under the act. It excludes only the wife who deserts her husband or voluntarily lives apart under mutual agreement."

The appellant, Gustella Pearl Floyd, insists that she is entitled to the compensation benefits under the holdings in the cases of *Kinnard* v. *Tennessee Chemical Co.*, 157 Tenn. 206, 7 S. W. (2d) 807, and *Sumners* v. *Tennessee Eastman Corp.*, 169 Tenn. 335, 87 S. W. (2d) 1005,

In *Kinnard* v. *Tennessee Chemical Company, supra,* the good faith of the claimant was emphasized and the lack of knowledge or means of knowledge that her husband had ever been married; while in the instant cause the appellant, who separated the deceased from his lawful wife and lived with him in unlawful cohabitation knowing that he was married, was guilty of bad faith and immorality.

In *Summers* v. *Tennessee Eastman Corporation, supra,* no lawful wife appeared to claim the compensation. The facts of that case stress the good faith of the claimant and show a lack of any bad faith or lack of want of reasonable diligence on the part of the second wife.

In *Perry* v. *Sun Coal Co.,* 183 Tenn. 141, 191 S. W. (2d) 181, 182, 183, this Court said:

"While dependency is the proper basis upon which to determine the right to recover compensation, we think the relationship between the wife and her husband must not be knowingly adulterous. In other words, if they live together with full knowledge of the fact that their relationship is meretricious, the dependency results from an unlawful association and death is not compensable. Our cases seem to give consideration to circumstances attending the nature of the relationship, whether it is adulterous, or one that is founded upon respect for good morals and common decency. . . .

In the Kinnard case the wife never knew her deceased husband had another wife until after his death. In the Summers case the wife had every reason to believe her husband was divorced."

In the instant cause we find that the appellant was instrumental in separating the appellee and the deceased, and no effort was made by her to ascertain whether a divorce had been granted to either party. We think the

chancellor was well warranted in finding that there was a lack of good faith on the part of the appellant, which distinguishes this cause from the cases relied on by her.

We find no error in the decree of the chancellor and it is affirmed.