PHILLIPS & BUTTORFF MFG. CO. *v.* JORDAN.

(*Nashville*, December Term, 1949.)

Opinion filed March 17, 1950.

ALFRED T. ADAMS, of Nashville, for plaintiff in error.

JACK KEEFE, of Nashville, for defendant in error.

 

MR. JUSTICE BURNETT delivered the opinion of the Court.

 This is a workmen's compensation case. All elements of the action are conceded except that of dependency. The trial judge found that the deceased employee left no widow or child but that his mother, the appellee, "was partially dependant for support upon said deceased son, who contributed regularly more than one-half of the total income of said mother," for her support.

"We early held that the question of the dependency of a father and mother was *one of fact* and the finding of the trial Judge will not, therefore, be disturbed, if *supported by any material evidence.*" *Sweeton* v. *Tenn. Consol. Coal Co.*, 179 Tenn. 216, 218, 164 S. W. 2d 1010.

 Is there "any material evidence" to support the finding of the trial judge?

The mother testified that the deceased had lived with her all his life; that he supported her—more than half; that he paid monthly payments on a house she purchased with the allotment he made her during the war and the allotment of her present husband; that her husband worked but squandered his money, only giving her $10.00 per week for groceries; that this deceased son "stopped me from work and set me down"; that since her son's death she had had to go back to work.

The trial judge saw and heard this witness and accepted her story. This is material evidence. We are bound thereby.

Counsel for the appellant argues evidentiary facts as wholly rebutting the finding of the trial judge. It is not our function to weigh this evidence. The principal argument is that the support of this petitioner should be borne by her husband whose legal duty it is to support his wife.

The right to compensation, as a dependent of a deceased employee, is a fact question of the petitioner's reliance, in whole or part, for support furnished by the deceased. The existence of the right to compel her husband to support her will not affect her position as a dependent if in fact she is one. See *Martilla* v. *Quincy Min. Co.*, 221 Mich. 525, 191 N. W. 193, 30 A. L. R. 1253.

For the reasons given the judgment below must be affirmed.

All concur.