MILTON M. MOSESSO's (dependent's) CASE.

Suffolk. May 10, 1951. — June 27, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Dependency; Procedure: appeal. *Parent and Child.*

A party to a workmen's compensation case who has not appealed from a decree entered in the Superior Court cannot seek to have the decree made more favorable to him when the case comes before this court upon another party's appeal.

Evidence of the earnings, "bank accounts," family situation and expenses of the father of a twenty year old employee who was killed while at work warranted a finding by the Industrial Accident Board that the father, although helped by payments for room and board and occasional additional contributions made by the son, was not dependent on him within § 1 (3) of the workmen's compensation act, G. L. (Ter. Ed.) c. 152.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Nagle, J.*

*J. J. Gartland,* for the claimant.

*J. H. Morris, (E. J. Slate* with him,) for the insurer.

LUMMUS, J.   Milton M. Mosesso, aged twenty years, an employee of Arthur A. Lamb and Sons, Inc., was working in the rebuilding of two smokestacks in the main powerhouse of the New York, New Haven and Hartford Railroad in South Boston on September 9, 1948, when he was killed by a train.   The single member found and the reviewing board said that it found and ruled that the death of the employee arose out of and in the course of his employment, but that the claimant, his father, Isamele Mosesso, was not dependent upon the deceased employee, and ordered the insurer to pay the claimant $300 toward the reasonable expenses of burial under G. L. (Ter. Ed.) c. 152, § 33, as amended, and to pay into the special fund in the State treasury $750 under G. L. (Ter. Ed.) c. 152, §§ 65, 65N, as amended.   The Superior Court entered a decree accordingly, and the claimant appealed.   The insurer did not appeal.

Upon the claimant's appeal the insurer cannot obtain a modification in its favor of the terms of the decree.   *Greenaway's Case*, 319 Mass. 121, 122.   *Flower* v. *Billerica*, 320 Mass. 193, 196.   *Collins* v. *Curtin*, 325 Mass. 123, 126.   The only question open in this case is whether the claimant was dependent upon the deceased employee.

In G. L. (Ter. Ed.) c. 152, § 1 (3), the word "Dependents" is defined as "members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury."   See now St. 1950, c. 738, § 1.   In *Connors's Case*, 295 Mass. 106, it was said at page 108, "Partial dependency presupposes the existence of some resources other than the contributions of the employee," and at page 109, "Partial dependency does not require absolute poverty on the part of the dependent, although it does imply some degree of need."   The burden was on the claimant to prove that he depended in some degree for his support upon the earnings of the deceased employee.   *Hoehn's Case*, 326 Mass. 509, 510–511.

The evidence as to dependency came wholly from the claimant.   He testified that he earned $70 a week as a cook, besides getting his meals.   When the employee died, the

claimant's family consisted, apart from the deceased employee, of the claimant's wife and their daughter Mary, who was seventeen. The wife has been ill for ten years. Her illness was expensive. The claimant has to pay a woman $10 a week and furnish her food, to take care of the wife. The deceased employee paid him $10 a week for board and room. Occasionally the employee would make further contributions, in addition to the $10 a week. It did not appear that since the employee died any other boarder or roomer was taken. The claimant "has a few bank accounts," and has not drawn them. The single member and the board could believe such part only of the evidence as they might think proper. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323. *Roney's· Case,* 316 Mass. 732, 734. We think that it was permissible for them to find, as they did, that the claimant, while helped by his son's payments, was self sustaining without them.

*Decree affirmed.*