WAMSER, STEWART & VAUGHN, INC. et al.

*v.*

MRS. MARIE E. TEASLEY.

(*Nashville,* December Term, 1958.)

Opinion filed April 8, 1959.

Thomas O. H. Smith, Nashville, for appellants.

Louis Leftwich, Jr., and Denney & Leftwich, Nashville, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

This is a Workmen's Compensation case under Section 50-901 et seq., T.C.A., and particularly under Section 50-1013, T.C.A., as amended by the Acts of 1957 and carried in the supplement to the Code. All facts to make it a compensable case under the Act are agreed to save the

single question of whether or not the petitioner was a partial defendant of her son, Thomas Teasley, who lost his life in an accident occurring in the course of his employment. This defense is based upon the fact that this mother, the petitioner, was not dependent upon her son because she was employed at the time of his decease, and before, and making an adequate wage to support herself, and that any contributions that this son had made to her were voluntary and not in the nature of support.

The trial judge found:

"the deceased employee lived with his mother, the petitioner herein, and that he regularly contributed to her support the sum of Ten ($10.00) Dollars per week, and that she was partially dependent upon him.

"The Court finds further that under the evidence, the petitioner, Mrs. Marie E. Teasley, was a patrial dependent of the decedent, Thomas Teasley, to the extent of fifteen (15%) percent, and that the income loss to her for the support furnished by her deceased son, Thomas Teasley, amounted to Ten ($10.00) Dollars per week."

The proof showed that this deceased son, who lived with his mother, contributed regularly to the upkeep of the home, payment of the food bills and living expenses generally; that he gave his mother money regularly and that he bought food and other things for the home. He paid all the expenses of the family automobile, which was used by both the petitioner and her deceased son. The proof also shows that this deceased son kept her home repaired and he himself actually did painting, plumbing, electrical jobs, carpentry jobs, and all of the yard work in order to keep the home in good condition. And it

further shows that he contributed regularly to her at least $10 a week and he gave her more money whenever there was anything special to be paid for and in addition bought certain things for the house and the maintenance thereof. It was under this state of proof that the findings of the trial judge above quoted were made.

The proof also showed that this mother was an employee of the Veterans Administration and made $4400 per year with a take home pay of $260 per month. It was thus argued that what the son did was not a partial dependency because the mother made a sufficient income to take care of herself.

Subsection (c) (10) of Section 50-1013 T.C.A. as amended provides that:

"Partial dependents shall be entitled to receive only that portion of the benefits provided for actual dependents which the average amount of the wages regularly contributed by the deceased to such partial dependent at, and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time."

And the following subsection (c) (11) provides in part:

"The compensation payable to partial dependents shall be subject to the same maximum and minimum specified in the foregoing sentence;".

The "foregoing sentence" is that:

"The compensation payable in case of death to persons wholly dependent shall be subject to a maximum of thirty-two dollars ($32.00) a week and a minimum of fifteen dollars ($15.00) a week; provided, that if at the

time of injury the employee receives wages of less than fifteen dollars ($15.00) a week, the compensation shall be the full amount of such wages a week, but in no event shall the compensation payable under this provision be less than twelve dollars ($12.00) a week.''

And then for the partial dependency section it is provided:

"that if the income loss of said partial dependents by such death be less than fifteen dollars ($15.00) per week, then the dependents shall receive the full amount of the income loss.''

It was under this section that there was a finding of partial dependency and the award was made.

As said above the only contention is that the mother of this deceased son (unmarried) was not partially dependent on the son's income.

''A showing of actual dependency (Section 63.11 Larson Vol. 1) does not require proof that, without decedent's contributions, claimant would have lacked the necessaries of life. The test is whether his contributions were relied on by claimant to maintain claimant's accustomed mode of living.''

In Volume 9 of Schneider, Workmen's Compensation Text at page 7, sec. 1901, the author of the text says:

''Actual dependency means that the claimant depended upon the decedent's financial contributions, and the compensation award is intended to be a substitute for the contributions which the claimant no longer receives and upon which he had depended for his support.''

In support of this statement the author cites cases from Illinois, Alabama, Connecticut, Iowa, Kentucky and others. The Illinois Act under which such findings are made is very similar to the Tennessee Act as above quoted. This author further, at page 9 of the same volume and the same section says:

"The dependency may be actual though partial."

And that:

"An obligation to support does not of itself determine dependency but if it is coupled with a reasonable probability that the obligation will be met, the case in favor of the award is made."

And then again this author on page 10 of the same volume, says:

"It is not necessary that the claimant would have been without the necessaries of life had it not been for the contribution from deceased. If the contributions raised claimant's standard of living comparable to his station in life, that is sufficient."

As authority for this statement the author cites another Illinois case. As said above the Illinois Act is similar to ours and consequently is entitled to a similar construction.

■ We think that under our Act dependency does not mean absolute dependency, but rather that the applicant relied on the contributions of the deceased as a means of support and maintenance in accordance with her social position and accustomed mode of life.

■ We again refer to Larson, Section 63.00 on the question. He says that:

"Proof of actual dependency does not necesarily require a showing that the claimant relied on the deceased for the bare necessities of life and without his contribution would have been reduced to destitution; it is sufficient to show that the deceased's contributions were looked to by claimant for the maintenance of claimant's accustomed standard of living. Hence a claimant may be dependent although receiving other income from claimant's own work, from property or from other persons on whom claimant is also dependent. Usually, actual contribution to claimant's support is enough to establish dependency without evidence of legal obligation to support."

We think that the above quoted legal principles are applicable under our Statute and that under these principles the trial judge was justified in finding partial dependency in this case.

██ Under the decisions of this Court the question of dependency of a father and mother is one of fact, and a finding of dependency will not be disturbed if there is any evidence to support it. *Tennessee Chemical Co. v. Smith,* 145 Tenn. 532, 238 S.W. 97; *Phillips & Buttorff Mfg. Co. v. Jordon,* 190 Tenn. 74, 227 S.W.2d 776; *Floyd v. Indemnity Ins. Co., etc.,* 184 Tenn. 381, 199 S.W.2d 106. In the case of *Diamond Coal Mining Co. v. Curnutt,* 179 Tenn. 278, 165 S.W.2d 575, this Court held that where there was material evidence to support the finding of the trial judge as to the dependency of the mother and sister of deceased worker, such finding was conclusive on appeal. Under these well reasoned cases and under the finding of the trial judge herein which is supported by material evidence as we set out briefly in the early part of

this opinion, the question of dependency is determined and we cannot disturb it.

Some of the cases cited by the appellant are cases in which the trial judge did not determine dependency in favor of the claimant but found otherwise and on appeal this Court did not reverse. This is particularly true in the case of *Sweeton v. Tennessee Consol. Coal Co.*, 179 Tenn. 216, 164 S.W.2d 1010, where the trial judge held and this Court affirmed because there was material evidence to support the finding of the trial judge that the parents and brothers and sisters of deceased were not partial dependents. This of course is the converse of the case that we have before us but the principle is the same. In that same case this Court remarked that if there was material evidence of dependency that this being a fact question would be binding on this Court where there is material evidence to support it.

After patiently and interestingly listening to the able arguments, reading the excellent briefs and authorities herein, we are convinced that the trial court was correct and his finding will be affirmed.