WALTER PARKER and EMPLOYERS INSURANCE COMPANY OF
ALABAMA

*v.*

HARRISON TURPIN, SR., et al.

362 S.W.2d 246.

(*Knoxville,* September Term, 1962.)

Opinion filed November 9, 1962.

Duncan & Ford, Knoxville, for petitioners.

Louis Hofferbert, Knoxville, Poore, Cox, Baker & McAuley, Knoxville, of counsel, for respondents.

Mr. Justice Burnett delivered the opinion of the Court.

This is a workmen's compensation case brought pursuant to our Act (sec. 50-901 et seq. T.C.A.). The particular Section involved in this appeal is sec. 50-1013, T.C.A., subdivisions (10) and (11) thereof, as amended by the Acts of 1959, found in the Supplement to the Code. All the facts making it a compensable case under the Act are agreed to, save the single question of whether or not the original petitioners were partial dependents of a deceased son and brother, Eugene Turpin, who lost his life in an accident occurring in the course of his employment.

The factual situation developed before the trial judge is primarily based upon the evidence of the mother and

father as to contributions made by this son prior to his death. This factual situation is not controverted other than by books as to the amount the deceased earned and by argument as to the weight of the proof. A similar question arose in *Warmser, Stewart & Vaughn, Inc. v. Teasley*, 205 Tenn. 78, 325 S.W.2d 540, wherein this Court concluded that the questions thus presented will not be disturbed if there is any evidence to support them. There is ample material evidence to support the finding of the trial judge, and we will not disturb this finding, that is, that the mother and the minor brothers and sisters of this deceased were partially dependent upon him.

██ The deceased, Eugene Turpin, was twenty-four (24) years old and was driving a truck for the appellant Parker at the time he was killed on August 5, 1960. At that time the mother, Pearl Turpin, was working and earning a salary of $120.00 a month. Dependency entitling one to compensation is to be determined as of the time of the accident, unaffected by subsequent conditions. *Johnson Coffee Co. v. McDonald*, 143 Tenn. 505, 226 S.W. 215, and others. At the time of this accident the deceased in addition to his parents was survived by five brothers and sisters, three of whom were minors, living at the home of the original petitioners, and these three minor children were found to be partial dependents of the deceased as well as the mother.

The trial court found:

"With the periods of unemployment considered, that is, the periods when he did not work, and further considering and estimating his weekly contributions to his mother, it is the court's conclusion that Eugene contributed nothing to his father and not over $7.50 a

week to his mother, who was dependent on his contributions for herself and the minor brothers and sister of the deceased, they being partially dependent upon him, for 20 percent of the mother's total income. That would entitle them to the minimum death award of $15.00 a week for the statutory period provided by the statute therefor."

▪ Obviously the language above can be confusing. After giving a careful study we have concluded that the finding of the trial judge was that the deceased contributed $7.50 a week to his mother who at that time had a $30.00 a week income, this making her total income $37.50 a week, and that twenty (20%) percent of this amount would be what this boy contributed to these minor children, making an additional $7.50, or an award of $15.00 a week. This record supports such an award, as there is ample evidence herein as to purchases of clothes, food, various things, etc., and the giving of money to these minor children. Consequently there is evidence in this record to support such a finding, and when there is evidence to support such finding we are bound thereby. See the Warmser case, supra, and authorities therein cited.

The contentions of the appellant here first is that this proof does not warrant contributions in this amount, and that the mother and these minor children are not partial dependents of the deceased. As we said above though this matter is foreclosed because there is ample evidence to support such a finding.

▪ It is next contended that the award as stated in the quotation of the finding of the judge above is only for $7.50 a week and not for $15.00 a week, and that,

since this is true that under the statute hereinafter referred to, the award cannot be for more than that because this was the amount contributed to the mother. It is likewise very ably contended both in oral argument and the brief that the Court should make a division, or that we should remand the case for a finding as to the portions or divisions that would go to these minor children, because it is said that the record does not show the amount of support or income these minors would be entitled to. The petitioner relies upon the case of *Sharp Drug Stores v. Hansard*, 176 Tenn. 595, 144 S.W.2d 777, as authority for this position. This Sharp case likewise well defines a partial dependent as one who receives an income from some other source in addition to that received from the employee. This, that is the division here to be made, is the primary contention on this appeal.

Section 50-1013(10), T.C.A., provides:

"Partial dependents to receive proportion. Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the wages regularly contributed by the deceased to such partial dependent at, and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time."

This Section of the Act is to all intents and purposes identical with subsection (15) of the Acts of 1919 as is interpreted by this Court in *Bohlen-Huse Coal & Ice Co. v. McDaniel*, 148 Tenn. 628, particularly at page 635, 257 S.W. 848, wherein the formula is set forth as to just how such a division should be made.

18

As we see it though the Section, just quoted, does not come into play in the present case. Subdivision (11) of sec. 50-1013, T.C.A. provides:

"Compensation in case of death. The compensation payable in case of death to persons wholly dependent shall be subject to a maximum of thirty-four dollars ($34.00) a week and a minimum of fifteen dollars ($15.00) a week; provided, that if at the time of injury the employee receives wages of less than fifteen dollars ($15.00) a week, the compensation shall be the full amount of such wages a week, but in no event shall the compensation payable under this provision be less than twelve dollars ($12.00) a week. *The compensation payable to partial dependents shall be subject to the same maximum and minimum specified in the foregoing sentence; provided, however, that if the income loss of said partial dependents by such death be less than fifteen dollars ($15.00) per week, then the dependents shall receive the full amount of the income loss.* This compensation shall be paid during dependency not to exceed the maximum of twelve thousand and five hundred dollars ($12,500), payments to be paid at intervals when the wage was payable as nearly as may be." (Italics ours.)

Thus it is that this italicized sentence from the Act which is plain and unambiguous, is particularly applicable here. If the contribution to these partial dependents was less than $15.00, that is was $7.50 as contended by the appellants, this total amount of $7.50 would be paid. There is no minimum when the sum is less than $15.00; it is the sum contributed. Under the finding of the trial judge though, as we have interpreted heretofore, there

was a finding of a contribution of $15.00 per week to these partial dependents, and this $15.00 per week payment is a minimum unless less is contributed. By re-reading the quotation of this subdivision (11) above, it will be seen that there is a minimum of $15.00 a week provided in these death cases for a dependent, and then a different provision is made for them when there is not $15.00 earned, and then this sentence which we have italicized in subdivision (11), sec. 50-1013, specifically provides that these maximums and minimums are the same. Thus it is under the Act, since the trial judge has found, and there is evidence to support him, that these partial dependents were entitled to $15.00 per week, this is a fixing of an amount which is the minimum provided for under the statute.

A careful reading of *Finley v. Keisling Lumber Co.*, 162 Tenn. 184, 35 S.W.2d 388, will demonstrate the fact that where a minimum is awarded under the statute this does not stand for division or apportionment, because it is the minimum under the statute and regardless of whether or not there is the attaining of adulthood, marriage, or whatnot of these children, still the employer is liable for the full amount of this minimum.

It is for the above reasons that the judgment of the trial court must be affirmed.