◼ In the Matter of the Claim of BEATRICE GOLDSMITH, Appellant, v. GOOD HUMOR CORPORATION et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by claimant from a board decision which found the claimant-mother was not dependent on decedent. (See prior appeal 18 A D 2d 1114.) Harold Goldsmith, the decedent, was 24 years old and in the employ of Good Humor Corporation when he was fatally injured. Beatrice Goldsmith, decedent's mother, filed a claim under the Workmen's Compensation Law alleging dependency. In addition to decedent and herself, claimant's household consisted of her husband Frank, a grown son Norman and a 12-year-old daughter Diane. The decedent's tax returns showed that he earned $990 in 1957 and $1,172.81 for 1958 until his death in July. Claimant's husband had income of $3,479.64 for the year 1957 and $2,368.19 for 1958. The other son, Norman, filed income tax returns showing income for the two years of $3,561.67 and $4,404.97 respectively. The family all lived together in a two-family house that produced rental income of $85 per month. Claimant testified that decedent gave her $15 to $20 per week and that he paid his own expenses. There was also testimony by claimant and her husband that the husband had been under medical care, that Norman contributed nothing to the household because he was attending night school and that the rental income did not cover the expenses of maintaining the house. The board's original decision found "no substantial evidence here of the mother's partial dependency on her deceased son". This decision was appealed and we held "Upon this record, such a limited finding is erroneous" and we remitted for more definite and determinative findings (18 A D 2d 1114). In the subsequent board decision which is now before us, the board stated, "Upon further review of the record, the Board finds that decedent's contributions to his mother merely covered his board and lodging, that decedent did not contribute to the support of his mother and that claimant-mother was not dependent on decedent." Appellant contends that these findings have no support in the record and are contradicted by the testimony of decedent's parents. Although there is testimony that decedent contributed a weekly sum to claimant, there is substantial evidence in the record to sustain a finding that this was merely a payment to cover decedent's share of the living expenses, i.e., his own board and room. We cannot say as a matter of law that claimant here established partial dependency of herself on her deceased son. There is substantial evidence in the facts and circumstances of this case to support the board's decision. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.