Percie Baine et al.

*v.*

Queen Insurance Co., Inc.

395 S.W.2d 805.

(*Knoxville,* September Term, 1965.)

Opinion filed November 3, 1965.

144

ALVIN Y. BELL, Chattanooga, for plaintiff in error, NOONE, MOSELEY & BELL, Chattanooga, of counsel.

GENE SINOR and SAM M. PLUMMER, Chattanooga, JEROME ABLES, South Pittsburg, for defendants in error.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal questioning the construction given the Workmen's Compensation Act (T.C.A. sec. 50-901, et seq.) in a Workmen's Compensation suit wherein the death of the employee was conceded as being compensable, and it was likewise conceded that his average weekly wage was $50.00 per week.

The Chancellor decreed that James Lewis Baine, Jr., was a partial dependent, he being a son of the deceased, and that this boy derived thirty (30%) per cent of his total support from the decedent, and was entitled to an award of $7.50 per week (based upon decedent's earnings of $50.00 per week x 50% x 30%). The Chancellor likewise found in favor of the decedent's partially dependent mother, Percie Baine, and found that she was entitled to benefits at the rate of $7.50 per week (based upon 60% dependency x $50.00 x 25%); and that these payments were to continue during the dependency but not to exceed the maximum amount of $14,000.00. There was no motion for a new trial, but the insurance company, which is appealing, did offer an amendment to the decree which partially presented the question here posed by the insurance company, and upon which this appeal is based.

In a Workmen's Compensation case it is necessary that a motion for a new trial be filed. *Adams v. Patterson,* 201 Tenn. 655, 301 S.W.2d 362. In compensation cases it is the duty of one complaining of the findings of the trial court, which is the result of a consideration

of facts and an application of law thereto, that a motion for a new trial be filed to authorize a review on an appeal in error. This is true whether the facts are presented to the trial court or agreed to, or whether the facts are disclosed by documents exhibited with the pleadings or facts presented to the court as exhibits to be made a part of the return to the writ. Where it appears that no motion has been filed for a new trial in a Workmen's Compensation case but an appeal has been prayed, granted and perfected, this Court will only consider errors that are apparent upon the record as defined by this Court in the case of *Memphis St. Railroad Co. v. Johnson,* 114 Tenn. 632, 641, 88 S.W. 169. In view of the motion having been made and filed to correct the judgment below, and in view of the fact that only questions of the interpretation of the statute are here involved, we will overrule the motion to dismiss for failure to file a motion for a new trial in the instant case and will attempt to answer the questions here presented.

The insurance company assigns two errors which are to the effect, (1) that the Chancellor erred in holding that the appellees, as partial dependents, are entitled to recover compensation during their dependency subject to the statutory maximum of $14,000.000, and (2) that the partially dependent mother of the deceased is not entitled to any recover at all, but, if she is entitled to a recovery, this is limited to 60% of $9,800.00 (arrived at by subtracting $4,200.00 from $14,000.00) or only a total of $5,800.00. In support of these assignments the insurance company says:

"The question raised by this appeal is whether the code sections set out above limit a partial dependent receiving less than the maximum weekly amount to a

lesser total amount than partial dependents receiving maximum weekly payments.''

The Code sections set out immediately preceding this statement are T.C.A. sec. 50-1013(b), (c) (5), (7), (10), (11) and (12), which are found in the Supplement to the above Section and will not be copied herein in toto as copied in the brief of the appellant, since they can easily be found in the Code and referred to there without taking up space in this opinion.

The contention of the appellant is that the incapacitated son of the decedent—he was held to receive 30% of his total support from contributions of the decedent—should be only 30% of the maximum allowed under the Compensation Act of $14,000.00 or a total sum fixed at $4,200.00. The same argument is used that if the mother is found to have received 60% of her total income from the decedent then her 60% should be 60% of the total amount of $14,000.00 after the 30% for the son has been taken. In other words, it is to fix her total, if she is entitled to anything, at only $5,800.00.

T.C.A. sec. 50-1013(c) (11) which governs compensation for partial dependents provides:

''Compensation in case of death. The compensation payable in case of death to persons wholly dependent shall be subject to a maximum of thirty-six dollars ($36.00) per week and a minimum of fifteen dollars ($15.00) a week; provided, that if at the time of injury the employee receives wages of less than fifteen dollars ($15.00) a week, the compensation shall be the full amount of such wages a week, but in no event shall the compensation payable under the provision be less than twelve dollars ($12.00) a week. The compensation pay-

able to partial dependents shall be subject to the same maximum and minimum specified in the foregoing sentence; provided, however, that if the income loss of said partial dependents by such death be less than fifteen dollars ($15.00) per week, then the dependents shall receive the full amount of the income loss. This compensation shall be paid during dependency not to exceed the maximum of fourteen thousand dollars ($14,000), payments to be paid at the intervals when the wage was payable as nearly as may be.''

It seems to us that it was clearly the intent of the Legislature in enacting this to provide for compensation benefits during the period of dependency. The present Act increases the $36.00 per week maximum to $38.00 per week, but we are not concerned with that. Prior to the Act, above quoted, which was effective in 1963, there was a limitation of 400 weeks; now at the time of the Act here the only limitation is the $14,000.00 maximum for the period of dependency.

T.C.A. sec. 50-1013(a) (3) provides:

''Wife, child, husband, mother, father, grandmother, grandfather, sister, brother, mother-in-law, and father-in-law who were wholly supported by the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his actual dependents, and payment of compensation shall be made to them in the order named.''

Immediately following the paragraph just quoted is paragraph (b) which defines partial dependents as ''Any member of a class named in subdivision (a) (3)'' or those just named above in the quoted Section of the Code, and this Section (b) also provides that ''payment of com-

pensation shall be made to such dependents in the order named.'' Then in this same Code Section, subdivision (c) (10), it is provided:

''Partial dependents to receive proportion. Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the wages regularly contributed by the deceased to such partial dependent at, and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time.''

The next paragraph of this Code Section that is applicable is subdivision (c) (13), which provides:

''Actual dependents. Actual dependents shall be entitled to take compensation in the order named in subsection (a) (3) above, until sixty-five per cent (65%) of the monthly wages of the deceased during the time specified in this chapter shall have been exhausted, but the total compensation to be paid to all actual dependents of a deceased employee shall not exceed in the aggregate thirty-six dollars ($36.00) per week.''

Clearly under this language the Legislature intended for the persons listed above in subsection (a) (3) to recover in the order named as stated over and over in the Act during the period of dependency not to exceed $14,000.00 or an aggregate of 65% of a weekly wage not to exceed $36.00. It is obvious to us that any other construction would work many inequities and deprive dependents of the full benefits of the Act. For instance, a wholly dependent widow might re-marry or a wholly dependent child attain the age of eighteen in one year,

and in either case there might remain wholly or partially dependent parents or other persons entitled to recover under the Act subject only to the limitations as stated in T.C.A. sec. 50-1013(c) (11), above quoted. On the other hand, if a person is wholly dependent and higher in preference to another dependent person, it seems unreasonable to us that the insurer should be entirely relieved as to the latter. If a person is partially dependent and higher in preference to another dependent person, the insurance company would decrease the liability of the insurer so as to entirely abrogate the maximum fixed by the statute of $14,000.00.

This Act provided protection for all dependents in a certain order of preference. The Act states over and over again that payments will be made in the order stated subject to an aggregate amount. Because some persons are ahead in order of preference they remain subject to the period of dependency provisions. The mere fact that a person high on the list of preferences loses his dependency and another receives more in benefits has no bearing on the case we are now considering.

T.C.A. sec. 50-1013(c) (10) allows a partial dependent only a proportionate percentage of the benefits allowed an actual dependent, which in the case now before us, is controlled by T.C.A. sec. 50-1013(c) (5), a child, and (7) a mother. Under (a) (3), above quoted, the child would have preference in order over the mother.

Subsection (c) (13), above quoted, provides for a maximum of 65% of the average weekly wage of a maximum aggregate of $36.00 to be paid to actual dependents in the order named in the above quoted subsection (a) (3). In this case now before us the Chancellor's computation does not reach the aggregate of either 65% of the

$50.00 average weekly wage of the decedent in that the total he found in favor of these two dependents was only $15.00 per week. Thus, it seems to us, that the order of preference is not involved in this case.

This Court in *Diamond Coal Mining Co. v. Curnutt*, 179 Tenn. 278, 165 S.W.2d 575, had a very similar situation before it as that here involved, even though the Act was different at that time, but as far as the question here involved it was the same. In that case the deceased employee left a widow, a mother and sister who were partially dependent upon him. The Court found what the average weekly wages were and went on to say at that time that the widow, who was not before the Court in that case, came first in the order of distribution of the compensation, and that under the Act, as it was then she would have 35% of his wages for a period of 400 weeks. The Court found, too, that the other two were partially dependent upon the deceased, one was dependent to the extent of $33\frac{1}{3}$% and the other was wholly dependent upon him. Then, the Court said:

"Thus there is twenty-five per centum of the aggregate compensation allowed under the statute for distribution between the petitioners herein. (Of course, this was after taking the 35% that the widow was entitled to away from the 60% which was provided by the Act at that time.) The trial judge found that Mrs. Fannie Curnutt (mother) was thirty-three and one-third percent dependent on the deceased and Miss Lyda Curnutt (sister) was wholly dependent on the deceased. The mother comes before the sister in the payment of compensation as fixed by Code, section 6883(3).

"Thirty-five per centum of the average weekly wages, or $5.88 being deductive for the widow, there

remained twenty-five per centum of such wages to be apportioned between the petitioners, mother and sister of the deceased. The mother, Mrs. Fannie Curnutt was found by the trial judge to be only thirty-three and one-third percent dependent on the deceased. Hence, she is entitled to received eight and one-third per centum of the average weekly wages, or $1.40 per week for 400 weeks, and Miss Lyda Curnutt is entitled to received sixteen and two-thirds per centum of the average weekly wage, or $2.80 per week for the time just mentioned. Both of the petitioners were actual dependents of the deceased, though the mother was only partially so dependent.

\* \* \* \* \* \* \* \*

"We think the maximum and minimum provisions of Code 6883(17) applies to cases where the entire benefits allowed all actual dependents equal the maximum of $18 per week or falls below the minimum of $7 per week and do not apply exclusively to the widow, as argued by counsel for defendant."

After giving this matter a great deal of thought, reading and re-reading the briefs, the record and making a rather extensive independent search of the authorities we have reached the conclusion that the decree of the Chancellor is correct and must be affirmed. The costs of the appeal are adjudged against the appellant.