Pilot Oil Corporation, Appellant,

*v.*

Pearl Ruth Sellers, Individually and as Parent and
Natural Guardian of Michael Stevie Sellers and
Luther Stanley Sellers, Appellees.

475 S.W.2d 668.

(*Knoxville,* September Term, 1971.)

Opinion filed January 17, 1972.

...

Robert R. Campbell, Knoxville, for appellant.

Jerry A. Farmer, Knoxville, for appellees.

Mr. Justice Humphreys, delivered the opinion of the Court.

Pilot Oil Corporation has appealed from a final judgment in favor of Pearl Ruth Sellers, individually, and as parent and natural guardian of Michael Stevie Sellers and Luther Stanley Sellers, wherein they were awarded partial dependency benefits under the Workmen's Compensation Law against appellant Pilot Oil Corporation, because of the accidental death of Danny Ray Sellers, arising out of and in the course of his employment. Several errors are assigned, none of which we consider of importance, except the assignment charging error because the trial judge declined to take into account, in determining the contribution made by the deceased minor to the support of the family, the cost of deceased's own support.

In his finding of fact and final judgment the trial judge, acting upon his understanding of 2 Larson, Workmen's Compensation, and his disagreement with the holdings of this Court over the past years, held that "the cost to the family fund of Danny Ray Sellers, room, board and other expenses does not affect the fact or extent of the petitioner's partial dependency." He then

awarded benefits on the basis of the gross sum turned over by the deceased minor to his mother, Mrs. Sellers, for the use of the whole family.

The holding of the trial court is unexceptional, except with respect to this matter presently being considered. In sum, he correctly finds that Pearl Ruth Sellers, decedent's mother, and Michael Stevie Sellers and Luther Stanley Sellers, his minor brothers, are partial dependents of Danny Ray Sellers, deceased, under the Workmen's Compensation Law; that Danny Ray Sellers turned over to his mother $68.00 per week of his earnings from his employment with defendant for use by the family, and that the partial dependency of the appellees should be determined as provided by T.C.A. sec. 50-1013.

While this Court has leaned heavily on Larson's work on Workmen's Compensation in those areas where there is no statutory mandate, we cannot do so in this case, because we have a statute which is contrary. Section 50-1013(b) defines partial dependents as "Any member of a class named in subdivision (a) (3) who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto shall be considered his partial dependent, and payment of compensation shall be made to such dependents in the order named." Subsection 10 of this Code section provides: "Partial dependents shall be entitled to receive only that proportion of the benefits provided for actual dependents which the average amount of the wages regularly contributed by the deceased to such partial dependent at, and for a reasonable time immediately prior to the injury, bore to the total income of the dependent during the same time."

Under these Code provisions partial dependency compensation payments are made only on the basis of the "*support* from the wages of the deceased workman" each partial dependent receives on a statutory "proportion of the *benefits provided* for actual dependents."

■ Under this statutory language partial dependency compensation payments are to be determined on the actual support contributed by the employee to each member of the dependent class, not necessarily the gross sum turned over to the parent by the minor decedent.

It would be contrary to the statute to follow cases cited by Larson,[1] which give consideration to the common law right of the parent to the wages of an unemancipated minor, or the concomitant right of the minor to receive his necessary support from his parents. The statute involves third parties who are required to make the compensation payments, and who are entitled to have this obligation determined by the statute, and not by common law considerations which have not been recognized and brought into operation by the statute.

While this Court has not considered this particular question in relation to the language of the statute, it has in at least two cases clearly indicated that the amount of support to be taken into consideration in apportioning is the actual support received by each member of the partially dependent class, and not the gross amount which a minor employee might place, for one reason or another,

---

[1] *Air Castle, Inc. v. Industrial Com'n,* 394 Ill. 62, 67 N.E.2d 177 (1946); *Blue Ribbon Pie Kitchens v. Long,* 230 Ind. 257, 103 N.E.2d 205 (1952); *Murphy v. Franklin County,* 259 Iowa 703, 145 N.W.2d 465 (1966); *Harvey v. Rocklin Mfg. Co.,* 237 Iowa 1058, 24 N.W.2d 402 (1946); *G. I. Construction Co. v. Osborn,* 208 Okl. 554, 257 P.2d 1056 (1953).

in the hands of his parent. *Knox v. Washer,* 153 Tenn. 630, 284 S.W. 888; *Sweeton v. Tennessee Consolidation Coal Co.,* 179 Tenn. 216, 164 S.W.2d 1010.

In reaching this conclusion we have not been insensitive to the demand for a liberal interpretation of the Workmen's Compensation Law. We have simply yielded to the obvious intent of the statute that the partial dependency benefits shall be determined on the basis of the actual support given to each member of the class.

We have examined Larson's Workmen's Compensation, 2d Edition with some care, and find that he does not propose the solution adopted by the trial judge as the better rule. 2 Larson, Workmen's Compensation, secs. 63-12, 63-22 (1970).

In fact, although they relate primarily to the question of whether dependency exists, Larson cites the following cases in which it has been held that, when the cost of the decedent's contribution is offset by the value of the board and room received, he is doing nothing more than to "pull his own weight", leaving nothing over to represent support of dependents. *Sherwin-Williams Co. v. Yeager,* 219 Ark. 20, 239 S.W.2d 1019 (1951); *Pufahl v. Tamak Gas Prods. Co.,* 238 Ark. 895, 385 S.W.2d 640 (1965); *McGarvie v. Frontenac Coal Co.,* 103 Kan. 586, 175 P. 375 (1918); *Britt v. Nashville Bridge Co.,* 171 So. 493 (La. App.1937); *Mosesso's Case,* 327 Mass. 525, 99 N.E.2d 859 (1951); *Kennedy v. Keller,* 225 Mo. App. 561, 37 S.W.2d 452 (1931); *Wilson v. Mason,* 78 N.M. 27, 426 P.2d 789 (1967); *Goldsmith v. Good Humor Corp.,* 23 A.D.2d 901, 259 N.Y.S.2d 364 (1965); *Martorana v. Tensolite Insulated Wire Co.,* 14 A.D.2d 462, 216 N.Y.S.2d 238 (1961); *Walz v. Holbrook, Cabot & Rollins Corp.,* 170 App.Div. 6,

706

155 N.Y.S. 703 (1915); *Beagle v. Groff*, 198 App.Div. 453, 191 N.Y.S. 307 (1921); *Zurich Gen. Acc. & Liab. Inc. Co., v. Industrial Com'n of Wisconsin*, 196 Wis. 159, 216 N.W. 137, 220 N.W. 377 (1928).

■ In this state of affairs, the case must be remanded to the trial court for determination of the support received by each member of the class from the decedent, under the statute as construed in this opinion.

■ In determining the extent, if any, by which the support contributions should be reduced by the part thereof expended in decedent's own support, the cost of decedent's own support may be credited with the value of his personal services to his mother and his minor brothers, if this service has monetary value. C.f. *Wamser, Stewart & Vaughn, Inc. v. Teasley*, 205 Tenn. 78, 325 S.W.2d 540 (1959).

■ One of the major items of expense relied on to reduce the contribution made by decedent relates to an automobile. The facts with respect to this are that the automobile was titled to the mother. The insurance on it was bought in her name. The tires were bought on credit in her name. The parts needed for its overhauling and repair were bought in her name. And, while it was operated by decedent, it is also the case that no one else in the family could operate it. Moreover, the automobile, while used once or twice a week by decedent on dates, was operated primarily for the family. It was used to carry both the mother and decedent back and forth to their jobs. And, after decedent's death, the mother had to give up her job for lack of regular transportation. The automobile was used for the family shopping. It was used for the benefit of the other minor children. In

fact, it was the family automobile. And, we think the expense of its operation should be charged to the mother as the head of the family.

In this connection, we point out that the operation of a family automobile was in keeping with the mother's financial situation. The proof is that she had, in addition to her own earnings and the contributions of the minor decedent, a monthly income of $400.00, which is exempted by statute from consideration in determining dependency and support benefits. Sec. 50-1013 T.C.A.

We have considered appellees' contention that dependency is the test, and that the award should be sustained because of the fact of dependency. We point out that while dependency is a test, it is only part of the statutory arrangement for determining the liability of the employer, and that after dependency has been determined to exist, the question then becomes, what was the amount of the support contribution made by the decedent employee to each member of the dependent class, and then awards are based on this determination. The case is remanded for further proceedings in accordance with this opinion.

DYER, CHIEF JUSTICE, CRESON and McCANLESS, JUSTICES and JENKINS, SPECIAL JUSTICE, concur.